IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SURFACE SUPPLIED INC.,

    Plaintiff,

    v.

KIRBY MORGAN DIVE SYSTEMS, INC.,

    Defendant.

No. C 13-575 MMC

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER**

    Before the Court is defendant Kirby Morgan Dive Systems, Inc.'s ("Kirby Morgan") motion, filed April 5, 2013, to dismiss the above-titled action, or, in the alternative, to transfer venue to the District Court for the Central District of California ("Central District"). Plaintiff has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

## BACKGROUND

    Plaintiff Surface Supplied Inc. ("Surface Supplied") is a California corporation, established on June 30, 2011, whose principal place of business is the Northern District of California, and whose three employees reside in said district. (See Van Der Schyff Decl. ¶ 2.) Surface Supplied "is engaged in the business of research, design, development and manufacture of digital gas analyzer and depth gauge products . . . for the commercial diving industry." (See First Amended Complaint ("FAC") ¶ 5.) Surface Supplied's products are "alpha stage products," and, to date, none have been sold. (See Van Der Schyff Decl. ¶ 3.)

1    Surface Supplied maintains a website "on which it describes the external
2 specifications of its products," but through which it does not "sell or offer [them] for sale."
3 (See Van Der Schyff Decl. ¶ 5.) On the home page of its website, Surface Supplied has
4 used a "cropped version" of "a public domain and well known photograph of an underwater
5 water diver against a backdrop of an American flag." (See id. ¶ 6.)[1] On three occasions in
6 2011, Surface Supplied used the cropped version in advertisements appearing in the
7 national publication Underwater Magazine, and on one occasion in the national publication,
8 Marine Technology Report, which publications were distributed to consumers in the Central
9 District. (See id. ¶ 6.) Surface Supplied also "maintains a presence on the social media
10 sites Facebook and Twitter" (see id. ¶ 5), on which it has used a photograph of "a fully
11 outfitted diver standing on seaside rocks" (see id. ¶ 7).[2] Surface Supplied's products are
12 engraved with a logo of a "highly fanciful abstract image of a helmet." (See FAC ¶ 6; Van
13 Der Schyff Decl. ¶ 8.) Surface Supplied has also "digitally superimposed this logo over a
14 picture of a tee shirt, which has been displayed on its website and social media sites," but
15 Surface Supplied "has never printed or distributed any tee shirt bearing this logo." (See
16 Van Der Schyff Decl. ¶ 8.)

17    On January 22, 2013, Kirby Morgan, a corporation that sells commercial diving
18 helmets and surface gas controllers and analyzers (see FAC ¶ 4), sent Surface Supplied a
19 cease and desist letter, by which letter Kirby Morgan accused Surface Supplied of
20 infringing its trademarks by "using images and representations of Kirby Morgan's helmets
21 on its website, Facebook page, t-shirts, Twitter and on the panels of Surface Supplied's gas
22 analyzer equipment" and demanded that Surface Supplied cease its use of the infringing
23 images (see FAC Ex. C at 1). The letter also demanded an answer no later than February
24 1, 2013, and stated, "If Kirby Morgan does not receive a suitable response by the

---

[1] Surface Supplied obtained the photograph from a United States Navy website. (See Van Der Schyff Decl. ¶ 6.)

[2] Surface Supplied purchased the photograph from its original author. (See Van Der Schyff Decl. ¶ 7.)

2

aforementioned date, the company will have no choice but to take appropriate legal action which may include immediately seeking a temporary restraining order . . . ." (See FAC Ex. C at 3.)

Thereafter, Surface Supplied requested, and Kirby Morgan granted, a one week extension to February 8, 2013. (See Cislo Decl. ¶ 3, Ex. C.) In lieu of replying, however, Surface Supplied, on February 8, 2013, filed the instant action, seeking a declaration of non-infringement of Kirby Morgan's federally registered trademarks. (See FAC ¶ 1.) Thereafter, on March 15, 2013, Kirby Morgan filed an action in the Central District, alleging, inter alia, federal trademark infringement claims against Surface Supplied. See Kirby Morgan Dive Systems, Inc. V. Surface Supplied, Inc., No. 13-1862 (C.D. Cal. filed Mar. 15, 2013) ("Central District action").

**DISCUSSION**

Kirby Morgan moves for dismissal of the instant action pursuant to the Court's equitable powers under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, or, in the alternative, for transfer of the action to the Central District pursuant to 28 U.S.C. § 1404(a).

**I. Motion to dismiss**

"The exercise of jurisdiction under . . . 28 U.S.C. § 2201(a), is committed to the sound discretion of the federal district courts[;] [e]ven if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case." Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002) (internal citations omitted). Kirby Morgan argues the instant action is an anticipatory suit that should be dismissed in light of Kirby Morgan's later-filed Central District action. In opposition, Surface Supplied argues venue is not proper in the Central District. This Court will not exercise its discretion to dismiss the instant action if the action in the Central District is not properly venued therein, and, consequently, the Court first addresses that issue.

//

> Venue is proper in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

See 28 U.S.C. § 1391(b); Golden Scorpio Corp. v. Steel Horse Bar & Grill, 596 F. Supp. 2d 1282, 1286 (D. Ariz. 2009) (noting "[b]ecause the Lanham Act has no special venue provision, the general venue statute applies"). Kirby Morgan argues venue is proper in the Central District pursuant to the first two subsections of § 1391(b). The Court addresses each in turn.

### A. Judicial District in Which Any Defendant Resides

"A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." See 28 U.S.C. § 1391(b)(1). Surface Supplied is the defendant in the Central District action, and, consequently, for purposes of determining venue for said action, the Court must determine whether Surface Supplied resides in the Central District. "[I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . ." See 28 U.S.C. § 1391(d). As a "California corporation" with its "principal place of business" in California (see Van Der Schyff Decl. ¶ 2), Surface Supplied is subject to personal jurisdiction in California, a state having more than one judicial district; consequently, the Court next considers whether Surface Supplied would be subject to personal jurisdiction in the Central District if such district were a separate state.

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." See id. at 800-01.

"There are two types of personal jurisdiction, specific and general." See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986). "General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum state." Id. Surface Supplied's only contacts with the Central District are its advertisements in national magazines, its passive website, and its accounts on Facebook and Twitter. Such contacts cannot be described as either "substantial" or "continuous and systematic." See, e.g., Cubbage v. Merchent, 744 F.2d 665, 667 (9th Cir. 1984) (finding no general personal jurisdiction where non-resident defendant advertised in forum). The Court thus turns to specific jurisdiction.

The Ninth Circuit has articulated a three-prong test for analyzing specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205-06 (9th Cir.2006) (en banc) (quoting Schwarzenegger, 374 F.3d at 802). Under the first prong, a party "purposefully avails itself of the forum if its contacts with the forum are attributable to (1) intentional acts; (2) expressly aimed at the forum; (3) causing harm, the brunt of

which is suffered—and which the defendant knows is likely to be suffered—in the forum." See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing Calder v. Jones, 465 U.S. 783, 788-89 (1984)).

The maintenance of a passive website alone does not constitute purposeful availment, see Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418–20 (9th Cir.1997); rather, "'something more' [is] required to indicate that the defendant purposefully directed its activity in a substantial way to the forum," see Rio Properties, 284 F.3d at 1020 (quoting Cybersell, 130 F.3d at 418). Here, Kirby Morgan argues Surface Supplied's advertising in Underwater Magazine and Marine Technology Report and its presence on Facebook and Twitter constitute the "something more" required to show purposeful availment.

Advertisements that "specifically target[ ] consumers" in a forum constituting a trademark holder's principal place of business can constitute the requisite "something more." See Rio Properties, Inc., 284 F.3d at 1020 (holding advertisements that "demonstrate[d] an insistent marketing campaign directed toward" forum constituted purposeful availment). Advertising in national publications or on Facebook and Twitter, however, is not sufficient to support a finding of purposeful availment. See Cascade Corp. v. Hiab-Foco AB, 619 F.2d 36, 37-38 (9th Cir. 1980) (finding no specific jurisdiction where defendant patent holder advertised in "national publications" circulated in forum, visited forum on two occasions, and mailed accusatory letters to plaintiff in forum).

Accordingly, Surface Supplied would not be subject to personal jurisdiction in the Central District were such district a separate state, and, consequently, 28 U.S.C. § 1391(b)(1) does not provide for venue therein.

**B. Judicial District in Which a Substantial Part of Events or Omissions Giving Rise to the Claim Occurred**

"A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." See 28 U.S.C. § 1391(b)(2).

The "events or omissions giving rise to the claim[s]" in the Central District action[3] are the design and use of Surface Supplied's logo and other images that Kirby Morgan alleges infringes its trademarks. As all of Surface Supplied's activities occurred in the Northern District of California, it cannot be said that a substantial part of the events or omissions giving rise to the claims occurred in the Central District. Section 1391(b)(2) thus does not provide for venue in the Central District.

Accordingly, the Court will deny Kirby Morgan's motion to dismiss.

**II. Motion to Transfer**

In the alternative, Kirby Morgan moves to transfer the instant action to the Central District pursuant to 28 U.S.C. § 1404, which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." See 28 U.S.C. § 1404. As a threshold matter, the moving party must show the transferee forum is one in which the action might have been brought. See Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960). The moving party then must demonstrate that a transfer of venue would promote the convenience of parties and witnesses and the interests of justice. See § 1404(a); Decker Coal Co. V. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The moving party must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." see Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

Here, as an initial matter, the Court finds the instant action "might have been brought" in the Central District because Kirby Morgan is subject to personal jurisdiction in that district. See 28 U.S.C. § 1391(c) (holding, as to action against defendant corporation, venue proper in any district in which defendant is subject to personal jurisdiction); (see also

---

[3] In the Central District action, Kirby Morgan alleges the following claims: (1) Trademark Infringement, (2) False Designation of Origin, (3) Dilution of a Famous Mark, and (4) State Law Trademark Infringement and Unfair Competition. (See Cislo Decl. Ex. D.)

Morgan Decl. ¶¶ 2-3 (stating Kirby Morgan's "principal facilities" and all of its employees, other than a single employee in Florida, are located in the Central District).)

Next, in considering the question of convenience, the Court weighs a number of private and public factors. See Decker Coal Co., 805 F.2d 843 (listing relevant factors). Here, the only factor identified by Kirby Morgan that assertedly makes the Central District a more convenient forum is that Kirby Morgan's "documents" are located in the Central District and its "senior management" and "other employees" are located there. (See Morgan Decl. ¶ 3.) Surface Supplied, however, points out that all of the "documents regarding [Surface Supplied's] operations," as well as all of Surface Supplied's employees, are located in the Northern District. (See Van Der Schyff Decl. ¶ 2.) Where "transfer would merely shift rather than eliminate the inconvenience," such factors do not weigh in favor of transfer. See Decker, 805 F.2d at 843. Further, contrary to Kirby Morgan's argument, the "interests of justice" (see Mot. at 12) do not weigh in favor of transfer. See McCormack v. Safeway Stores, Inc., No. 12-4377, 2012 WL 5948965 at *4 (N.D. Cal. Nov. 28, 2012) (noting "[d]eference to the plaintiff's choice of forum should be minimized where . . . the forum selected by plaintiffs is not the situs of material events"). As noted, Surface Supplied's principal place of business is in this district, it designed the products bearing the assertedly infringing marks in this district, it maintains the subject webpage and social media accounts in this district, and it placed the subject advertisements from this district. (See Van Der Schyff Decl. ¶¶ 2, 5-8.) Thus, and again contrary to Kirby Morgan's argument, the Northern District is the "place where the case finds its center of gravity." See McCormack, 2012 WL 5948965 at *4 (internal quotation and citation omitted).

Accordingly, the Court finds Kirby Morgan has failed to show transfer is appropriate under § 1404(a).

//

//

//

**CONCLUSION**

For the reasons stated above, Kirby Morgan's motion to dismiss or, in the alternative, to transfer is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 29, 2013

MAXINE M. CHESNEY
United States District Judge