CASCIO & ZERVAS
Anthony T. Cascio (88062)
485 Broadway Ave., Ste. 800
Millbrae, CA 94030-1923
Telephone: (650) 777-0071
atcascio@cascioiplaw.com

ALIOTO & ALIOTO LLP
John I. Alioto (107722)
1127 Pope Street, Suite 201
St. Helena, CA 94574-1281
Telephone: (707) 963-0606
jalioto@alioto.com

Attorneys for Plaintiff SURFACESUPPLIED INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

SURFACESUPPLIED INC., a
California corporation,

                          Plaintiff,

v.

KIRBY MORGAN DIVE SYSTEMS,
INC., a California corporation,

                          Defendant,

_____

AND RELATED COUNTERCLAIMS.

Case No.  C 13-0575 MMC

~~(PROPOSED)~~ STIPULATED
PROTECTIVE ORDER

1   WHEREAS, Plaintiff and Counter Defendant Surface Supplied, Inc.

2   ("Surface Supplied") and Defendant and Counterclaimant Kirby Morgan Dive

3   Systems, Inc. ("Kirby Morgan") agree that discovery in this action may involve

4   disclosure of certain documents and information which may contain trade secrets

5   and/or confidential commercial, financial, research and development or business

6   information, as contemplated by Federal Rule of Civil Procedure 26(c)(7), and that

7   a protective order is necessary to protect their privacy and confidentiality.

8   ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED, by and

9   between counsel for the parties, subject to the approval of the Court, that this

10  Stipulated Protective Order shall govern the handling of all products of discovery

11  and all information derived therefrom, including but not limited to documents,

12  depositions, deposition exhibits, information or things disclosed or produced in

13  response to requests for production of documents, answers to interrogatories,

14  responses to requests for admissions and any other information or material, and

15  the contents thereof, produced, given or exchanged by and among the parties and

16  any non-parties to this Litigation (whether by formal process, agreement, court

17  order, or otherwise) ("Discovery Materials") in connection with discovery in the

18  Litigation.

19  **1.    Confidential Information**

20  This Order governs the handling of Confidential Information (defined

21  below), and applies to all Discovery Materials produced, given or exchanged by

22  any Party or non-Party (the "Producing Party" or "Non-Party") in the Litigation.

23  Plaintiffs and defendants, as well as their officers, directors, current employees,

24  former employees, agents and legal counsel, are referred to collectively as the

25  "Parties" and individually as the "Party."

26  **2.    Use of Discovery Information**

27  (a)    All Discovery Materials properly designated as Confidential

28  Information and all information derived · therefrom produced by any Party or

2

1   Non-Party shall be used only for the Litigation, including any appeals therefrom.

2   Confidential Information shall not be used for any research, development,

3   manufacture, patent filing or prosecution, financial purpose, commercial purpose,

4   marketing purpose, business purpose, regulatory purpose, Citizen Petitions, or

5   lawsuits against the FDA.

6       (b)   Except as otherwise provided in paragraph 5 herein, all persons given

7   access to Confidential Information shall (1) read and agree to be bound by this

8   Order, and (2) consent to this Court's continuing jurisdiction for purposes of

9   enforcing and remedying any violations of the Order. Confidential Information

10  shall not be disclosed or used except in accordance with paragraphs 5 and 8

11  herein.

12      **3.**   **"Confidential Information"**

13      (a)   "Confidential Information" includes any and all discovery and other

14  materials or information properly designated as "CONFIDENTIAL" or

15  "ATTORNEY'S EYES ONLY" (as discussed below), whether such Confidential

16  Information is a document (electronic or otherwise), information contained in a

17  document, information revealed during a deposition or testimony, information

18  revealed in an interrogatory response/request for admission, or information

19  otherwise revealed.

20      (b)   For purposes of this Protective Order, the Producing Party or Non-

21  Party may designate Confidential Information produced in this Litigation as

22  "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" based on a good faith

23  belief that such materials are entitled to protection under Federal Rule of Civil

24  Procedure 26(c) or other applicable law.

25      (i)   A Producing Party or Non-Party may designate any non-public

26  information, document, or thing, or portion of any document or thing, as

27  "Confidential" if it contains (a) trade secrets, competitively sensitive technical,

28  marketing, financial, sales, or other    . confidential business information (b)

private or confidential personal information, or (c) information which the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. This includes information received in confidence from third parties, so long as the Producing Party or Non Party has a good faith belief that the information is, at the time of designation, entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

(ii)    A Producing Party or Non-Party may designate as "ATTORNEY'S EYES ONLY" nonpublic, highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the Producing Party's or Non-Party's business or competitive position, such as (a) information related to pricing (including but not limited to credits, discounts, returns, allowances, rebates, and chargebacks), projected future sales, volumes, profits, revenue, costs, (b) claims and reimbursement data, (c) agreements with third parties, (d) transactional data, (e) information protected by foreign, federal or state privacy laws, (f) other materials that contain particularly sensitive trade secrets or (g) information related to settlement of litigation or negotiations thereof. Before material is designated ATTORNEY'S EYES ONLY under this subparagraph the designating Party will make a good faith effort to evaluate whether that material meets the requirements for ATTORNEY'S EYES ONLY information as set forth herein. ATTORNEY'S EYES ONLY designations must be limited in scope.

(iii)    Notwithstanding any of the foregoing, information that is in the public domain or which is already known by the receiving Party through proper means or which is or becomes available to a Party from a source other than the Party or Non-Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be presumed non-confidential material under this Protective Order.

4

(c)   The designation of any material as Confidential Information shall constitute a representation that the Producing Party or Non-Party has actually reviewed the material in light of the requirements of Fed. R. Civ. P. 26 and this Order and has made a good faith determination that any such material so designated is indeed confidential or subject to protection under Federal Rule 26 and this Protective Order.

**4.   Designation of Confidential Information**

(a)   Any material, whether or not filed with the Court, that contains Confidential Information for which the Producing Party or Non-Party seeks protection under this Order shall be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" as follows:

(i)   For documents in hard-copy form or in a modifiable electronic format, by affixing a legend, stamp or watermark to each page of the document, or portion thereof, that is deemed CONFIDENTIAL or ATTORNEY'S EYES ONLY in such a way so as not to obscure any part of the text or content.

(ii)   For electronically stored documents (other than documents in a modifiable electronic format), by affixing a legend or stamp to the cover letter referring to such electronically stored documents or to each page of the document and, to the extent possible, to the media (i.e., disc, hard drive, etc.) on which the documents are provided.  Whenever any Party to whom electronically stored documents designated as Confidential Information are produced reduces such documents to hardcopy form, that Party shall designate the hard-copy documents with a legend, stamp or watermark as provided in section 4(A)(i), above.

(iii)   Deposition testimony shall be designated "CONFIDENTIAL" or " ATTORNEY'S EYES ONLY" (1) at the taking of the deposition, by a statement on the record by counsel at the time of such disclosure, or (2) by written notice sent to the court reporter and counsel of record for all Parties within thirty (30) business days after      receiving a copy of the final transcript

5

1 and errata sheet by counsel making the designations. If a designation is made

2 pursuant to (2) of this paragraph, the designating Party shall identify the specific

3 pages designated as "CONFIDENTIAL," or " ATTORNEY'S EYES ONLY" by

4 page and line numbers. The court reporter will indicate the portions designated as

5 containing Confidential Information. Confidentiality designations of transcripts

6 will apply to audio, video, or other recordings of the testimony. Until the thirty

7 (30) day period has expired, counsel will not permit the deposition, including

8 exhibits, to be distributed to persons beyond those specified in Paragraph 5(a),

9 other than the deponent, and shall treat the deposition as " ATTORNEY'S EYES

10 ONLY" under this Order. If prior to the expiration of the thirty (30) day period,

11 a Party wishes to file any motion or pleading that will include reference to, or

12 attach as exhibits, any portion of the deposition transcript or confidential exhibits

13 thereto, the Party shall file the pleading under seal. If no Party or deponent

14 designates any pages or exhibits from the deposition as Confidential Information

15 within thirty (30) days, then the material will not be treated as Confidential

16 Information. Assuming that the court reporter/stenographer has the means of

17 doing so, the Parties agree that the following designations may be placed on the

18 front page of each transcript: (a) for depositions in which Confidential

19 information is disclosed or discussed, the front page of the transcript shall be

20 marked with the legend "Confidential information contained on page(s) _____";

21 and (b) for depositions in which ATTORNEY'S EYES ONLY information is

22 disclosed or discussed, the front page of the transcript shall be marked with the

23 legend "ATTORNEY'S EYES ONLY information contained on page(s) _____."

24 In either case, such legend (and accompanying treatment) shall apply only to the

25 specific pages (or portions of pages) that have been so designated, and not the

26 entire transcript.

27       (b)      Inadvertent failure to designate material as "Confidential" or

28 "ATTORNEY'S EYES ONLY" does      not constitute a waiver and may be

6

corrected by supplemental written notice.  The Party receiving such supplemental written notice will then treat materials as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and those materials will be fully subject to this Order as if they had been initially designated.  Within ten (10) days of issuing supplemental written notice, the Producing Party shall provide the Receiving Party with a replacement set of materials marked "Confidential" or " ATTORNEY'S EYES ONLY."  Within seven (7) days of receipt of the replacement set, the receiving Party shall return the non-designated material, or confirm in writing that it has destroyed all copies of it.

(c)     Documents and things produced without a legend designating that material Confidential or ATTORNEY'S EYES ONLY shall not be subject to the restrictions imposed by this Protective Order, unless otherwise agreed to by the Parties or ordered by the Court.

(d)     Any material provided for inspection in this Litigation is to be treated during such inspection by the reviewing Party as ATTORNEY'S EYES ONLY information, pending the copying and delivery of any requested copies of the same by the Producing Party to the Receiving Party.  After such copies are delivered to the Receiving Party, the information in such documents or things will be treated consistent with any legend produced on each document or thing.  Inspection of documents or things in accordance with this paragraph shall be conducted by outside counsel eligible under paragraph 5(a)(i) below.

**5.     Permissible Disclosure of Materials**

(a)     Any material designated as "ATTORNEY'S EYES ONLY," and any information derived therefrom, may be disclosed only to the following persons:

(i)     Attorneys of Record:  outside counsel of record retained by the Parties as counsel for this Litigation, as well as paralegals, assistants, and employees of the respective law firms of these outside counsel, to the extent such persons' duties and responsibilities             require access to material designated

7

1  ATTORNEY'S EYES ONLY.  Each such person shall have an obligation to

2  maintain the confidentiality of the material so designated.

3          (ii)    Experts and Consultants:  independent outside experts or

4  consultants retained to assist with preparation for pre-trial or trial proceedings by

5  the attorneys described in section (a)(i) of this paragraph and who are not current

6  employees of any of the Parties in the Litigation, as well as support staff and

7  assistants of any such experts to the extent such persons' duties and

8  responsibilities require access to material designated ATTORNEY'S EYES

9  ONLY.  Prior to disclosing any ATTORNEY'S EYES ONLY material to any

10  such experts or consultants, the Receiving Party shall identify the name of the

11  expert or consultant to the Producing Person in writing and provide a copy of the

12  expert's or consultant's most recent curriculum vitae, as well as the materials

13  identified in paragraph 5(e), herein.  The Producing Person shall have ten

14  calendar days to object in writing to any such disclosure, providing the reasons

15  for such objection.  If the Producing Person objects within that time, then the

16  Receiving Party shall not disclose any ATTORNEY'S EYES ONLY material to

17  such expert or consultant.  If the Producing Person does not object in writing

18  within such time, then after the expiration of the ten-day waiting period, or after

19  receiving the Producing Person's written consent, the Receiving Party may

20  disclose ATTORNEY'S EYES ONLY material to the expert or consultant after

21  obtaining a signed Endorsement from the expert or consultant in the form attached

22  as Exhibit A.  All parties agree to use good faith in considering experts or

23  consultants identified by other parties and only to object if a good faith basis

24  exists to believe that disclosure to the identified expert or consultant would be

25  reasonably likely to cause competitive harm to their business.  If an objection is

26  made to any such expert or consultant, the parties may bring the issue to the

27  Court for resolution, and the party objecting to disclosure shall bear the burden of

28  persuasion that disclosure should not be   permitted;

8

1       (iii)   Witnesses: persons called to testify under oath in the context

2   of a deposition or at a hearing or trial in Court in connection with the

3   prosecution/defense of this civil action may be shown during their testimony

4   ATTORNEY'S EYES ONLY material if said witness was the author, sender, or a

5   recipient of such documents or other materials or can otherwise be demonstrated

6   to have had prior access to or receipt of such documents or materials or the

7   information contained therein. Regardless of designation pursuant to this

8   Stipulated Protective Order, if a document or testimony makes reference to the

9   actual or alleged conduct or statements of a person who is a potential witness in

10   this action, counsel may discuss such conduct or statements with such witness

11   without revealing any portion of the document or testimony other than that which

12   specifically refers to such conduct or statement. Witnesses may not be allowed to

13   retain copies of documents designated ATTORNEYS EYES ONLY unless

14   otherwise authorized to do so under this Order. Any witness who is to be shown

15   ATTORNEY'S EYES ONLY material as allowed under this sub-paragraph shall

16   be provided with a copy of this Order, informed on the record that he or she is

17   bound by the terms of this Order and is required not to disclose any Designated

18   Information to any other person, and required to sign a copy of the Endorsement

19   attached hereto as Exhibit A. If a witness refuses to execute the Endorsement,

20   then the party seeking to disclose Designated Information to that witness may only

21   do so under the following conditions: (1) the party must show the witness a copy

22   of this Order and ask the witness to read it; (2) the party must inform the witness

23   that documents that will be shown to the witness are confidential and that, under

24   this Order, such documents and testimony or information concerning them may

25   not be disclosed to anyone except as provided herein; and (3) the party must

26   advise the witness that failure to abide by the terms of this Order may result in the

27   imposition of substantial penalties against the witness. These advisements to a

28   non-signing witness shall be made on    the record at a deposition or hearing, or

1  a written record of the advisements shall be made by the attorney giving the

2  advice and the written record shall be retained in the same fashion as a written

3  Endorsement.

4        (iv)   The Court: the Court and court personnel, including court

5  reporters providing services in court or at depositions for the purpose of assisting

6  the Court in this Litigation and stenographic employees, court reporters, and

7  typists for the sole purpose of recording, or transcribing testimony, documents, or

8  information relating to this Litigation;

9        (v)   Outside Support Personnel: interpreters, translators, copy

10  services, graphics services, litigation consultants, outside exhibit preparation

11  companies, independent support service personnel and database/coding services

12  providing services for counsel described in section (a)(i) of this paragraph, to the

13  extent necessary to prosecute or defend the Litigation;

14        (vi)  any present officer, director, or employee of the Party or Non-

15  Party who produced or designated the ATTORNEY'S EYES ONLY information;

16        (vii)  any person to whom the Producing Party or Non-Party agrees

17  (in writing) ATTORNEY'S EYES ONLY information may be disclosed.

18    (b)   Any material designated as "Confidential" and any information

19  derived therefrom, may be disclosed only to the following persons:

20        (i)   persons identified in Section 5(a); and

21        (ii)   The Receiving Party, Employees and Agents. Disclosure may

22  be made to the Receiving Party and to those employees and agents of the

23  Receiving Party to whom it is necessary that said Designated Information

24  be shown solely for the purposes allowed by paragraph 2. Any employee

25  or agent of the Receiving Party to whom disclosure is made shall be

26  advised of, and become subject to, the provisions and requirements of this

27  Order regarding the treatment of Designated Information.

28

1         (iii)   persons employed by the Party who produced the information

2     unless otherwise prohibited from receiving or accessing the information.

3       (c)   Only persons permitted to receive Confidential Information pursuant

4 to Paragraph 5, the deponent, and his or her attorney (if any), shall be allowed to

5 attend any portion of a deposition in which Confidential Information is used or

6 elicited from the deponent and the Producing Party shall have the right to require

7 that any person other than the foregoing leave the room for such portion of a

8 deposition.

9       (d)   Prior to the disclosure of any Confidential Information to any person

10 identified in subparagraphs 5(a)(i), 5(a)(ii), 5(a)(v), 5(a)(vi) and 5(a)(viii) above,

11 each putative recipient of Confidential Information except the Court shall be

12 provided with a copy of this Protective Order, which he or she shall read.  Upon

13 reading this Protective Order, persons identified in subparagraphs 5(a)(ii),

14 5(a)(v), 5(a)(vi) and 5(a)(viii) shall sign an Endorsement, in the form annexed

15 hereto as Exhibit A, acknowledging that he or she has read this Protective Order

16 and shall abide by its terms.  These Endorsements are strictly confidential.  The

17 Endorsement shall be signed by the company, firm, group, or solo practitioner

18 retained by the Party, and a single Endorsement by the company, firm, group, or

19 solo practitioner shall be sufficient to cover all employees or other individuals

20 paid by the company, firm, or group.  Counsel for each Party shall maintain the

21 Endorsements without giving copies to the other side.  The Parties expressly

22 agree, and it is hereby ordered, that except in the event of a violation of this

23 Protective Order, there will be no attempt to seek copies of the Endorsements or

24 to determine the identities of persons signing them.  If the Court finds that any

25 disclosure is necessary to investigate a violation of this Protective Order, such

26 disclosure will be pursuant to separate court order.

27       (e)   In addition to complying with paragraph 5(d), before disclosing

28 another party's Confidential                Information to any consultant or expert

11

1  under paragraph 5(a)(ii), counsel shall first obtain from such person a copy of

2  such person's Endorsement, a resume (curriculum vitae), and the following

3  information: a list of companies for whom such person has consulted in any

4  capacity within the last year; a list of any other cases in which such person has

5  testified as an expert at trial or by deposition within the preceding four (4) years;

6  and a list of all publications authored by such person within the preceding ten (10)

7  years.

8      (f)    Outside Counsel to the Parties in this matter, the Court, and the

9  Court's staff and official court reporter(s) are not required to sign an Endorsement

10  but shall comply with the terms of this Protective Order.  Persons who come into

11  contact with Confidential Information for clerical or administrative purposes,

12  including those persons covered by paragraph 5(a)(vii) above, and who do not

13  retain copies or extracts thereof, are not required to execute Endorsements but

14  must comply with the terms of this Protective Order.

15      (g)    Nothing in this Order prevents or restricts counsel from rendering

16  advice to their clients and, in the course thereof, relying generally on examination

17  of Confidential Information, including documents stamped "Confidential" or

18  "ATTORNEY'S EYES ONLY," so long as he or she does not disclose its

19  specific contents.

20      (h)    Nothing in this Order shall prevent a Party or Non-Party from

21  redacting from documents or things, which otherwise contain relevant

22  discoverable information, any Confidential Information that is irrelevant to this

23  Litigation, is protected by privilege or other applicable immunity, or otherwise

24  not discoverable pursuant to Federal Rule of Civil Procedure 26(b).  Provided that

25  when a Party makes such a redaction, there should be a notation on the document

26  that is being redacted reflecting whether the redaction is on privilege grounds or

27  relevance grounds.

28

Stipulated Protective Order
Case No. CV 13-0575 MMC

1     (i)    All Parties, their respective counsel, and others bound by this

2    Protective Order will take all steps necessary to prevent the disclosure of

3    Confidential Information other than in accordance with the terms of this

4    Protective Order.

5        **6.**    **Non-Party Designation of Confidential Information**

6     (a)    Any Non-Party to this Litigation may designate any Confidential

7    Information provided by it, whether pursuant to subpoena or by agreement, as

8    "Confidential" or "ATTORNEY'S EYES ONLY" pursuant to the requirements

9    of this Order. If a Non-Party produces documents that it has designated

10    ATTORNEY'S EYES ONLY, the Non-Party must identify by production number

11    in writing which of those ATTORNEY'S EYES ONLY documents, if any, were

12    previously provided to any of the Parties outside of this Litigation.

13     (b)    A Party may temporarily withhold production of otherwise

14    discoverable information sought in a discovery request (e.g., deposition

15    testimony, interrogatory, request for production, request for admission) if the

16    Party is under an obligation to a Non-Party not to disclose such information. In

17    such an event, such Party shall:

18     (i)    timely serve a written objection to the production of the

19    information in question on the basis of its obligation to a Non-Party not to

20    disclose such information; and

21     (ii)    within fourteen (14) days of receiving a discovery request that

22    expressly seeks a Non-Party's confidential information or discovering that a Non-

23    Party's confidential information is implicated by a discovery request, the

24    Producing Party shall provide to such Non-Party (i) written notice of the pending

25    request to disclose the information in question (with a copy of such written notice

26    being provided to the requesting Party), and (ii) a copy of this Order. For any

27    requests for documents or information served prior to entry of this Order, such

28

13

1   notice shall be timely if served on the Non-Party within fourteen (14) days of this

2   Order.

3          (iii)   if the Non-Party does not object to disclosure of information

4   within the longer of (1) thirty (30) days from the date the written notice as

5   described in the preceding section 6(b)(ii) is sent, (2) the time period by which the

6   Producing Party's written responses are due, or (3) as otherwise agreed to by the

7   Parties the Producing Party shall produce the materials (subject to any appropriate

8   designation under the terms of this Order).

9          **7.    Objections to Confidentiality Designations**

10          (a)    A Party shall not be obligated to challenge the propriety of a

11   Confidential or ATTORNEY'S EYES ONLY designation (or re-designation) at

12   the time the designation is made, and a failure to do so shall not preclude a

13   subsequent challenge thereto. The acceptance or receipt by the non-Producing

14   Party of material designated Confidential or ATTORNEY'S EYES ONLY shall

15   not constitute an admission or concession, or permit an inference that such

16   material is, in fact, Confidential or ATTORNEY'S EYES ONLY. In the event

17   that a Party disagrees at any time with a Confidential or ATTORNEY'S EYES

18   ONLY designation made by another Party or a Non-Party, the following

19   procedure shall be used:

20          (i)    The Party disputing the designation of materials shall notify the

21   Producing Party or Non-Party of such dispute in writing, specifying the materials

22   in dispute by exact Bates number(s) (or by other identification if Bates number(s)

23   are not on said materials) and specifying the reasons the Party believes the

24   materials are not Confidential Information. The Producing Party or Non-Party

25   shall respond in writing within fourteen (14) days of receiving this notification

26   and shall state with particularity the grounds for asserting that the document or

27   information is CONFIDENTIAL or ATTORNEY'S EYES ONLY. If the

28   Producing Party or Non-Party does not .  respond in writing within fourteen (14)

14

1  days of receiving this notification, the materials shall be presumptively determined

2  to be non-confidential.  If the Producing Party or Non-Party makes a timely

3  response, counsel shall confer in good faith in an effort to resolve the dispute.

4          (ii)    If the Parties are unable to resolve the dispute, either Party

5  may present the dispute to the Court initially by telephone, in accordance with

6  Local Civil Rule 37-1, before filing a formal motion for an order regarding the

7  challenged designation on whatever schedule is set by the Court or agreed to in

8  writing by the Parties.  The Producing Party or Non-Party shall have the burden

9  of proof on such motion to establish the propriety of its confidential designation,

10  and must make a showing that disclosure of the information is protected under the

11  Federal Rules (or other applicable law) or this Order.  The document or thing that

12  is the subject of the filing shall be treated as originally designated pending

13  resolution of the dispute.

14      **8.    Use of Confidential Information at Court Hearings and Trial**

15      (a) To the extent that a Receiving Party (or a witness called by a Receiving

16  Party) contemplates using Confidential Information in a court hearing or at trial,

17  the Party intending to use such information must, no later than three (3) days

18  before the hearing or trial (unless the exigency of the court proceeding does not

19  allow for such notice), notify the other Parties in writing of its intent to use such

20  information.  The inclusion of any Confidential Information in a court filing

21  (either within the text of the filing, or in any exhibits or appendices thereto) shall

22  constitute sufficient notice of an intent to use such information in conjunction with

23  any court proceeding (such as a hearing or trial) relating to such filing.

24      (b) The Parties shall confer and attempt to agree before any trial or other

25  court hearing on the procedures under which "Confidential" and "ATTORNEY'S

26  EYES ONLY" information may be introduced into evidence or otherwise used at

27  such trial or hearing.  Upon reaching agreement, the Parties shall give notice of

28  the terms of such agreement to each          Non-Party producing any Confidential

15

1 | Information which may be used or introduced at such trial or hearing. Absent
2 | agreement, a Party may move that the Court issue an order in accordance with the
3 | procedure set forth in Local Civil Rule 7-11 governing the use of such
4 | "Confidential" and "ATTORNEY'S EYES ONLY" Information at trial or
5 | hearing upon reasonable notice to all Parties and Non-Parties who have produced
6 | such information. Any agreement shall be subject to the Court's approval.

7 | **9.    Filing of Confidential Information with the Court**

8 | A Party wishing to file Confidential Information with the Court shall file a motion
9 | in accordance with the procedure set forth in Local Civil Rule 7-11 and shall
10 | accompany such motion with a motion to seal under Local Civil Rule 79-5. If the
11 | Party wishing to use the Confidential Information is not the proponent of the
12 | confidentiality designation, it will be sufficient grounds to state that the material
13 | has been designated as Confidential Information by the Producing Party or Non-
14 | Party. The Party seeking to file under seal must indicate whether the opposing
15 | Party assents to the motion.

16 | **10.    Non-discoverable Information**

17 | With regard to expert reports and testimony, the Parties agree that the following
18 | types of information shall not be the subject of discovery: (1) the content of
19 | communications (in whatever form, including oral, written, email, etc.) among
20 | and between: (a) counsel and expert witnesses and their respective staffs; (b)
21 | expert witnesses and other expert witnesses or consultants and their respective
22 | staffs; and (c) expert witnesses and their respective staffs; and (2) notes, drafts,
23 | written communications or other types of preliminary work created by, or for,
24 | expert witnesses. The protections against discovery contained in this paragraph
25 | will not apply to any communications, documents, data sets or analyses upon
26 | which an expert specifically relies on as a basis for any of his or her ultimate
27 | opinions or reports. Nothing in this paragraph 10 of this Protective Order shall

28 |

Stipulated Protective Order
Case No. CV 13-0575 MMC

1    be read to diminish the protections from discovery applicable to non-testifying,

2    consulting experts.

3        11.   **Objections to Privilege Claims**

4            In the event that a Party disagrees at any time with an assertion of privilege

5    made by another Party or a Non-Party, the following procedure shall be used:

6            (a)   The Party disputing the assertion of privilege shall notify the

7    Producing Party or Non-Party of such dispute in writing, specifying the materials

8    in dispute by exact Bates number(s) (or by other identification if Bates number(s)

9    are not on said materials) and specifying the reasons the Party believes the

10   materials are not privileged.  The Producing Party or Non-Party shall respond in

11   writing within ten (10) business days of receiving this notification, with such

12   response to contain at least the following information with respect to each

13   document being disputed: (i) the particular claim of privilege being asserted, and

14   (ii) a description of the nature of the materials not produced or disclosed, along

15   with information about the document(s) that will enable other parties to assess the

16   claim, without revealing the information itself privileged or protected.  If the

17   Producing Party or Non-Party does not respond in writing within ten (10)

18   business days of receiving this notification, or as otherwise agreed to by the

19   Parties or by order of the Court, the materials shall be presumptively determined

20   to be non-privileged.

21           (b)   If the Parties are unable to resolve the dispute, any Party may present

22   the dispute to the Court initially by telephone in accordance with Local Civil Rule

23   37-1, before filing a motion seeking a ruling on whether the information

24   designated as privileged is entitled to such status and protection under the Federal

25   Rules (or other applicable law), Local Civil Rules, or this Protective Order.  The

26   Party or Non-Party asserting the privilege shall have the burden of proof on such

27   motion to establish the propriety of its privilege designation.  The material at

28   issue shall be treated as privileged until    such time as the motion is resolved.

Stipulated Protective Order
Case No. CV 13-0575 MMC

1
2  ## 12.   Inadvertent Disclosure of Confidential Information

3     If Confidential Information is used inadvertently during depositions in
4  contravention of other provisions of this Order, it shall not lose its confidential
5  status through such use, and counsel shall exercise their best efforts and take all
6  steps reasonably required to protect its confidentiality during such use.  If such
7  information is inadvertently disclosed to a deposition witness, and the witness has
8  testified concerning that information, the witness may be examined and cross-
9  examined with respect to the document(s) or information disclosed for the
10  remainder of the deposition.

11
12  ## 13.   Inadvertent Disclosure of Privileged Information

13     (a)   When the inadvertent or mistaken disclosure of any information,
14  document or thing protected by the attorney-client privilege, the work product
15  doctrine, the joint defense or common interest privilege, or other applicable
16  privilege is discovered by the Producing Party and brought to the attention of the
17  Receiving Party through the provision of such information as would normally be
18  contained in a proper privilege log, the Receiving Party's treatment of such
19  material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).
20  Such inadvertent or mistaken disclosure of such information, document or thing
21  shall not by itself constitute a waiver by the Producing Party of any claims of
22  privilege or work-product immunity.

23     (b)   However, nothing herein restricts the right of the Receiving Party to
24  challenge the Producing Party's claim of privilege if appropriate within a
25  reasonable time after receiving notice of the inadvertent or mistaken disclosure.
26  The Receiving Party shall have the right to apply for an order that such materials
27  are not protected from disclosure by any privilege or doctrine.  The Producing
28  Party asserting the privilege shall have     the burden of proof on such motion to

18

1  establish the propriety of its privilege designation. In seeking such order, the
2  Receiving Party is entitled to request that the Court conduct an in camera review
3  of the materials at issue. If the substance of any materials that are subsequently
4  determined by the court to be protected is discussed in a deposition or pleading
5  before discovery or notification of the disclosure, any Party may seek an Order
6  from the Court that such testimony or discussion be stricken and not be used for
7  any purpose. However, if the privilege designation is successfully challenged,
8  then any Party may use the prior testimony. If questioning regarding any such
9  materials is prevented during a deposition on the grounds that the document is
10 privileged, and it is later determined that the document is not privileged, then the
11 witness who was prevented from testifying shall be made available to complete
12 the deposition irrespective of any discovery deadlines that may have expired while
13 the matter was being resolved, provided that such additional testimony shall be
14 limited to the document(s) in question and any appropriate, related follow-up
15 questioning, and the Receiving Party or the party taking the deposition shall be
16 free to seek any other relief that may be appropriate.

17        (c)    Recognizing the need for the Parties to prepare for their cases based
18 on the discovery that is produced, if any information, document or tangible thing
19 is (i) used in a hearing or deposition, (ii) attached as an exhibit to a pleading or
20 motion, (iii) referred to in an expert report or pretrial order, or (iv) is otherwise
21 used openly in the Litigation, any claim of inadvertent production must be made
22 within ten (10) business days after such use.

23        **14.    Subpoena by Other Courts or Agencies**

24        If another court or an administrative agency subpoenas or otherwise orders
25 production of Confidential Information which any Party or other person has
26 obtained from another Party or Non-Party under the terms of this Order, the Party
27 or other person to whom the subpoena or other process is directed will
28 immediately notify the Producing Party    or Non-Party via telephone and written

19

1  notice and provide the Producing Party or Non-Party any and all information it

2  requests concerning the subpoena or other process.  Absent legal mandate,

3  Confidential Information shall not be produced prior to the receipt of written

4  notice authorizing such production by the Producing Party or Non-Party and after

5  a reasonable opportunity to object has been offered. The Producing Party or Non-

6  Party will bear the burden and all costs of opposing the subpoena on grounds of

7  confidentiality.

8       **15.    Return or Certified Destruction of Confidential Information**

9       (a)    The provisions of this Protective Order will not terminate at the

10  conclusion of this Litigation.  Within ninety (90) days after conclusion of this

11  case, including any appeals related thereto, or such other time as the Producing

12  Party or Non-Party may agree in writing, counsel will, at their option, return or

13  destroy Confidential Information and all copies containing such information.   If

14  any Receiving Party destroys any such Confidential Information, that Party shall

15  send a letter to the Producing Party certifying that all such documents (including

16  those in the possession of their expert witnesses, consultants, vendors and off-site

17  hosting litigation support service providers) have been destroyed.

18       (b)    As to those materials that contain or reflect attorney work product,

19  counsel of record for the Parties shall be entitled to retain such work product in

20  their files, so long as such materials, in accordance with the provisions of this

21  Protective Order, are clearly marked to reflect that they contain Confidential

22  Information, and are maintained as such.  In addition, counsel shall be entitled to

23  retain pleadings, affidavits, motions, briefs, other papers filed with the Court,

24  deposition transcripts, and the trial record (including exhibits) even if such

25  materials contain Confidential Information, so long as such materials, in

26  accordance with the provisions of this Protective Order, are clearly marked to

27  reflect that they contain information subject to this Protective Order, and are

28  maintained as such.

Stipulated Protective Order
Case No. CV 13-0575 MMC

(c)     The Parties and their respective representatives, attorneys, experts, consultants, and vendors, including off-site hosting litigation support service providers, shall thereafter be prohibited from restoring such deleted copies, including electronic files, through the employment of "undelete" software and other similar, computer forensic techniques, except to the extent required by a disaster recovery program that requires the restoration of data from otherwise inaccessible media.

(d)     Nothing in this section shall obligate any Party to destroy its own Confidential or ATTORNEY'S EYES ONLY information at the close of this Litigation or at any other time.

**16.     Unauthorized Disclosure of Confidential Information**

If any person subject to this Protective Order becomes aware that he or she or any other person has, either intentionally or inadvertently, disclosed Confidential Information to someone not authorized to receive such material under this Order, counsel of record for the Party involved shall inform the Producing Party's or Non-Party's counsel of record about the unauthorized disclosure within five (5) business days of learning of such disclosure, and also shall use his or her best efforts to obtain the return of all improperly disseminated copies of the Confidential Information and to prevent any further improper dissemination of the same. The Party shall also provide a copy of this Protective Order to the unauthorized person and request such person to sign the Endorsement. Disclosure of Confidential Information other than in accordance with this Protective Order may subject the disclosing Party or person to sanctions and remedies as the Court may deem appropriate.

**17.     Responsibility of Attorney Regarding Copies**

The attorneys of record are responsible for employing reasonable measures to control and track access to and distribution of Confidential Information, including abstracts and summaries.

21

1

2      **18.    Miscellaneous**

3      (a)    All notice called for by this Protective Order shall be sent by e-mail

4      to the following people:

5      For SURFACESUPPLIED Inc.:

6

7      CASCIO & ZERVAS

8      Anthony T. Cascio (88062)

9      485 Broadway Ave., Ste. 800

10     Millbrae, CA 94030-1923

11     Telephone: (650) 777-0071

12     atcascio@cascioiplaw.com

13

14     ALIOTO & ALIOTO LLP

15     John I. Alioto (107722)

16     1127 Pope Street, Suite 201

17     St. Helena, CA 94574-1281

18     Telephone:  (707) 963-0606

19     jalioto@alioto.com

20

21     For Kirby Morgan Dive Systems, Inc.:

22

23     CISLO & THOMAS LLP

24     Daniel M. Cislo (125378)

25     David B. Sandelands (198252)

26     Mark D. Neilsen (210023)

27     1333 2nd Street, Suite 500

28     Santa Monica, CA 90401-    4110

22

1   Telephone: (310) 451-0647

2   dancislo@cislo.com

3   dsandelands@cislo.com

4   mneilsen@cislo.com

5

6   It is the responsibility of the Parties to timely notify each other of any change in

7   the above information.

8

9   (b)   Nothing in this Protective Order prevents a Producing Party or Non-

10  Party from any use of its own documents and information, except that a

11  Producing Party or Non-Party using Confidential Information must comply with

12  the notice provisions of section 8(a) above.

13  (c)   Nothing herein shall be construed to affect in any manner the

14  admissibility at trial of any document, testimony, or other evidence.

15  (d)   This Protective Order shall apply to all information and material

16  produced in this Litigation, including all information and material produced prior

17  to the execution of this Protective Order by the Court.

18  (e)   By written agreement of the parties, or upon order of the Court, the

19  terms of this Protective Order may be amended or modified.

20  (f)   Nothing in this Protective Order shall prejudice the right of any Party

21  or Non-Party to oppose production of any information for lack of relevance,

22  privilege, or any ground other than confidentiality.

23  (g)   In the event that a new Party is added, substituted, or otherwise

24  brought into this Proceeding, this Protective Order will be binding on and inure to

25  the benefit of the new Party, subject to the right of the new Party to seek relief

26  from or modification of this Protective Order.

27  (h)   This Protective Order shall survive the final termination of this action

28  with respect to the obligations to maintain the confidentiality of the information

23

set forth herein and shall remain in full force and effect unless modified, superseded, or terminated by written agreement of the Parties or by an Order of this Court.

   (i)   The entry of this Protective Order does not prevent any Party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

   (j)   This Protective Order shall be binding upon the Parties to this Litigation and signatories to the Endorsement, including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers, and employees.

   IT IS SO STIPULATED, through Counsel of Record.

Dated: _8/26/13_ _____ (JOHN I. ALIOTO)

Counsel for SURFACESUPPLIED INC.

Dated: _8/26/13_ _____

Counsel for Kirby Morgan Dive Systems, Inc.

SO ORDERED:

Dated: _September 26, 2013_ _____

MAXINE M. CHESNEY
United States District Judge

24

## EXHIBIT A
### ENDORSEMENT OF PROTECTIVE ORDER

I hereby attest to my understanding that information or documents designated as Confidential or ATTORNEY'S EYES ONLY, and any other Confidential Information, are provided to me subject to the Protective Order dated _____, 2013 ("Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Protective Order; and, that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any Confidential Information pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accord with the Protective Order, any Confidential Information, in any form whatsoever, and that such Confidential Information may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Information will continue even after this Litigation concludes. I further agree to return all copies of any Confidential Information I have received to counsel who provided them to me, or to destroy such materials, upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court, Northern District of California, for the purposes of any proceedings relating to enforcement of the Protective Order. I further agree to be

26

1 | bound by and to comply with the terms of the Protective Order as soon as I sign
2 | this Endorsement, regardless of whether the Protective Order has been entered by
3 | the Court.
4 |
5 | Date: _____
6 |
7 | By:
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

27

CASCIO & ZERVAS
Anthony T. Cascio (88062)
485 Broadway Ave., Ste. 800
Millbrae, CA 94030-1923
Telephone: (650) 777-0071
atcascio@cascioiplaw.com

ALIOTO & ALIOTO LLP
John I. Alioto (107722)
1127 Pope Street, Suite 201
St. Helena, CA 94574-1281
Telephone: (707) 963-0606
jalioto@alioto.com

Attorneys for Plaintiff SURFACESUPPLIED INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURFACESUPPLIED INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KIRBY MORGAN DIVE SYSTEMS, INC., a California corporation,<br><br>Defendant,<br><br>AND RELATED COUNTERCLAIMS. | Case No.  C 13-0575 MMC<br><br>(Proposed) ORDER ENTERING STIPULATED PROTECTIVE ORDER |

WHEREAS, counsel for the parties have entered into a Proposed Stipulated Protective Order which provides for the treatment of trade secrets and confidential information to be produced in discovery;

WHEREAS, the Court has reviewed this Proposed Stipulated Protective Order which provides for the treatment of trade secrets and confidential information to be produced in discovery and approves thereof;

The Court hereby orders that the Proposed Stipulated Protective Order be entered into the record of this case and will govern the treatment of trade secrets and confidential information to be produced in discovery.

IT IS SO ORDERED

Judge Maxine M. Chesney