Daniel M. Cislo, Esq., No. 125,378
    dan@cislo.com
David B. Sandelands, Esq., No, 198,252
    dsandelands@cislo.com
Mark D. Nielsen, Esq., No. 210,023
    mnielsen@cislo.com
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401-4110
Telephone:  (310) 451-0647
Telefax:  (310) 394-4477

Attorneys for Defendant/Counterclaimant,
KIRBY MORGAN DIVE SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SURFACE SUPPLIED, INC., a California corporation, | CASE NO. CV 13-0575 MMC |
| Plaintiff, | [Hon. Maxine M. Chesney] |
| vs. | **KIRBY MORGAN DIVE SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIMS** |
| KIRBY MORGAN DIVE SYSTEMS, INC., a California Corporation, | [Fed.R.Civ.P. 16(b) and 15(a)] |
| Defendant. | [Declaration of David B. Sandelands; [Proposed] Amended Pleading; [Proposed] Order submitted concurrently herewith] |
| | Hearing Date/Time: November 1, 2013, 9:00 a.m. |
| KIRBY MORGAN DIVE SYSTEMS, INC., a California corporation, | |
| Counterclaimant, | |
| vs. | |
| SURFACE SUPPLIED, INC., a California Corporation, HELIOX TECHNOLOGIES, INC., a California corporation, JASON VAN DER SCHYFF, an individual, and DOES 1-9, inclusive, | |
| Counterdefendants. | |

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION/RELIEF SOUGHT ........................................................ 1

ISSUES TO BE DECIDED ........................................................................................................ 2

I.      INTRODUCTION .......................................................................................................... 3

II.     FACTUAL BACKGROUND .......................................................................................... 4

III.    LEGAL STANDARD FOR MOTION TO AMEND SCHEDULING ORDER
        AND FOR LEAVE TO AMEND PLEADINGS ............................................................ 6

IV.     GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER TO
        ALLOW KIRBY MORGAN TO FILE AMENDED COUNTERCLAIMS ..................... 7

        A.      Kirby Morgan Diligently Worked with SSI's Counsel to Frame the Rule 16
                Order ................................................................................................................... 8

        B.      Kirby Morgan's Request to Amend After the Deadline for Amendments in
                the Pretrial Preparation Order was Caused by Matters Not Reasonably
                Foreseen or Anticipated at the Time of the Rule 16 Scheduling Conference ......... 8

                1.      Good Cause Exists to Amend the Scheduling Order to Allow Kirby
                        Morgan to File an Amended Counterclaim Adding Heliox as a
                        Party ....................................................................................................... 9

                2.      Good Cause Exists to Amend the Scheduling Order to Allow Kirby
                        Morgan to File an Amended Counterclaim Adding Van Der Schyff
                        as a Party ............................................................................................... 10

                3.      Good Cause Exists to Amend the Scheduling Order to Allow Kirby
                        Morgan to File an Amended Counterclaim Adding a False
                        Advertising Claim ................................................................................. 12

        C.      Kirby Morgan Has Diligently Sought to Amend the Scheduling Order
                Once It Became Aware of the Information from the SSI Deposition ................... 14

V.      NO GROUNDS EXIST TO DENY KIRBY MORGAN LEAVE TO FILE ITS
        AMENDED COUNTERCLAIMS ................................................................................ 15

VI.     CONCLUSION ........................................................................................................... 17

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ᴺᴰ STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

1

## <u>TABLE OF AUTHORITIES</u>

2

3 <u>Cases</u>

4

<u>ADT Security Services, Inc. v. Security One Int'l, Inc.</u>,

5    2012 U.S. Dist. LEXIS 131724 (N.D. Cal. Sept. 14, 2012) ...................................................... 12

6

7 <u>Algee v. Nordstrom, Inc.</u>,
    2011 U.S. Dist. LEXIS 148374 (N.D. Cal. Dec, 27, 2011) ............................................... 6, 8, 16

8

<u>Coastal Abstract Service, Inc. v. First American Title Ins. Co.</u>,
    173 F.3d 725 (9th Cir. 1999)...................................................................................................... 12

9

10 <u>Coleman v. Quaker Oats Co.</u>,
    232 F.3d 1271 (9th Cir. 2000).................................................................................................. 6, 7

11

12 <u>DCD Programs, Ltd. v. Leighton</u>,
    833 F.2d 183 (9th Cir. 1987) ................................................................................................. 7, 15

13

<u>Donsco, Inc. v. Casper Corp.</u>,
    587 F.2d 602 (3d Cir. 1978)....................................................................................................... 12

14

15 <u>Eminence Capital, LLC v. Aspeon, Inc.</u>,
    316 F.3d 1048 (9th Cir. 2003) ...................................................................................................... 7

16

17 <u>Foman v. Davis</u>,
    371 U.S. 178 (1962)............................................................................................................... 7, 15

18

<u>Genentech, Inc. v. Abbott Laboratories</u>,
    127 F.R.D. 529 (N.D. Cal. 1989)........................................................................................... 7, 15

19

20 <u>Hurn v. Retirement Fund Trust</u>,
    648 F.2d 1252 (9th Cir. 1981)...................................................................................................... 7

21

22 <u>Jackson v. Laureate, Inc.</u>,
    186 F.R.D. 605 (E.D. Cal. 1999) ............................................................................................. 6, 8

23

24 <u>Johnson v. Mammoth Recreations, Inc.</u>,
    975 F.2d 604 (9th Cir. 1992)................................................................................................... 6, 7

25

<u>Loretta Cheeks v. General Dynamics Corp.</u>,
    2013 U.S. Dist. LEXIS 88126 (D. Az. June 24, 2013)........................................................... 6, 8

26

27 <u>Senza-Gel Corp. v. Seiffhart</u>,
    803 F.2d 661 (Fed. Cir. 1986)...................................................................................................... 7

28

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ᴺᴰ STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

<u>Smith v. Pacific Properties & Development Corp.</u>,
   358 F.3d 1097 (9th Cir. 2004)............................................................... 7, 15

<u>Witt v. Martinez</u>,
   1992 U.S. Dist. LEXIS 13571 (N.D. Cal. July 16, 1992)...................... 7, 15


<u>Rules</u>

Fed.R.Civ.P. 15(a)...................................................................................... 7

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

iv
**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

## NOTICE OF MOTION AND MOTION/RELIEF SOUGHT

PLEASE TAKE NOTICE that on Friday, November 1, 2013 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Maxine M. Chesney, in Courtroom 7 in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant and Counterclaimant Kirby Morgan Dive Systems, Inc. ("Kirby Morgan") will and hereby does move the Court, pursuant to Fed.R.Civ.P. 16(b), 15(a), and the Court's inherent powers for an Order amended the Court's Scheduling Order for this matter (see, Docket No. 28), and for leave to file its First Amended Counterclaims, a draft of which is attached to the accompanying Declaration of David B. Sandelands ("Sandelands Decl.") at Exhibit A.

Kirby Morgan seeks leave to file First Amended Counterclaims adding Heliox Technologies, Inc. ("Heliox") and Jason Van der Schyff ("Van der Schyff") as defendants, and to add a new claim for false advertising.  The amended counterclaims are based upon information first learned by Kirby Morgan at the recent deposition of Plaintiff Surface Supplied, Inc. ("Surface Supplied").  Good cause exists to amend the Court's scheduling order to allow Kirby Morgan to file amended counterclaims because the deposition of Surface Supplied took place on August 26, 2013, whereas the deadline to amend the pleadings was August 16, 2013.  Because the deposition of Surface Supplied took place after the deadline to file amended pleadings on August 16, 2013, Kirby Morgan could not have learned of the information upon which its proposed amended counterclaims are based prior to the deadline to amend the pleadings.  Kirby Morgan has been diligent in seeking amendment.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities appended hereto, the accompanying Sandelands Decl., the [Proposed] First Amended Counterclaims (attached to the Sandelands Decl. at Exhibit A), all documents on file in this action, and upon such other evidence and oral argument as may be presented to the Court at the time of the hearing.

///

///

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

## ISSUES TO BE DECIDED

The issues to be decided on the present motion are as follows:

(1)    Whether good cause exists for the Court to amend the Scheduling Order to allow Kirby Morgan to file amended counterclaims pursuant to Fed.R.Civ.P. 16(b).

(2)    Whether there is any reason to deny Kirby Morgan leave to file amended counterclaims pursuant to Fed.R.Civ.P. 15(a).

///

///

///

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Kirby Morgan respectfully requests that the Court amend its Scheduling Order (see, Docket No. 28) and enter Kirby Morgan's proposed amended counterclaims (attached as Exhibit A to the Sandelands Decl., filed concurrently herewith).  The proposed amended counterclaims are based on information recently learned by Kirby Morgan, and Kirby Morgan has been diligent in seeking this amendment.

The proposed amended counterclaims would add two parties as defendants (i.e., Heliox Technologies, Inc. ("Heliox") and Jason Van der Schyff ("Van der Schyff")), as well as a new claim for false advertising.  The proposed amended counterclaims are based upon information first learned by Kirby Morgan at the deposition of counterdefendant Surface Supplied, Inc. ("SSI") that took place on August 26, 2013, after the August 16, 2013 deadline to amend the pleadings in this action.

The proposed new parties are closely related to SSI.  The proposed corporate defendant, Heliox, is jointly owned by substantially the same individuals who own SSI.  Likewise, SSI and Heliox share substantially the same directors and management.  Kirby Morgan has learned that SSI appears to be nothing more than the marketing arm of Heliox.  Similarly, the proposed individual defendant, Van der Schyff, is no stranger to either company as he has an ownership interest in both companies and serves as Chief Executive Officer of SSI and Director of Marketing for Heliox.

The proposed new counterclaim for false advertising arises from the same nucleus of operative fact as the claims currently pled.  The current claims arise from SSI's advertising of products using Kirby Morgan's federally registered trademarks.  Kirby Morgan contends that SSI is attempting to trade off the tremendous and long-standing goodwill associated with Kirby Morgan's marks.

Kirby Morgan seeks leave to assert an additional counterclaim for false advertising because it has recently learned that the products SSI is marketing under Kirby Morgan's marks

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

are not, in fact, products available for sale.  Rather, Kirby Morgan has learned that each of the products advertised by SSI exist only in either partially functional prototype form or in nonfunctional mockup form.  Kirby Morgan believes that SSI's attempts to sell "phantom" products using Kirby Morgan's marks is harming and will continue to harm the goodwill associated with Kirby Morgan's registered trademarks.

For these reasons, as well as those set forth below, Kirby Morgan respectfully requests that the Court amend its Scheduling Order so that Kirby Morgan can be granted leave to file its amended counterclaims.

## II.    FACTUAL BACKGROUND

Kirby Morgan has long been a world leader in commercial diving helmets, facemasks, and related diving equipment.  Due to the superior quality and design of its products, Kirby Morgan's SuperLite series of diving helmets, first sold in 1976, have become the industry standard for diving helmets among commercial divers.  See, Docket No. 26 at Counterclaim, ¶ 7.

Kirby Morgan vigilantly protects the goodwill associated with its diving helmet designs, and has registered numerous design marks with the United States Patent and Trademark Office ("USPTO") for its designs, including Registration Nos. 2,634,033, 2,670,929, 2,801,683, 2,803,929, and, 2,852,306 (hereafter "Registrations").  See, Docket No. 26 at Counterclaim, ¶ 8 and Exhs. 1-5.

As a result of its substantial advertising efforts and expenditures, as well as the quality of its products, Kirby Morgan enjoys considerable goodwill in its marks such that the marks covered by the Registrations are widely recognized as a symbol of high quality diving equipment, and have become associated exclusively with Kirby Morgan by consumers in the commercial diving industry.  See, Docket No. 26 at Counterclaim, ¶¶ 13, 14.

SSI is a self-professed start-up company that has not sold anything.  See, Docket Nos. 16 (at 3:15-22 therein) and 16-2 (at ¶¶ 3-5 therein).  SSI, however, has been using at least two photographs, referred to as the "Navy photograph" and the "Diver on the Rocks photograph," both of which contain recognizable images of Kirby Morgan's trademarks.  See, Docket No. 26 at

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

**Kirby Morgan's Motion to Amend Scheduling Order and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

Counterclaim, ¶¶ 15-22 (and exhibits referenced therein).  SSI has also adopted a logo referred to by SSI as the "SSI Logo" (see e.g., Docket No. 30 at Counterclaim, ¶ 6), which has been modeled after one or more of Kirby Morgan's registered trademarks.

SSI uses the aforementioned photographs, and the SSI Logo, on its website, in social media (i.e., Facebook, Twitter), in promotional materials, and in trade journal advertising.  SSI's use of the photographs, and the SSI Logo, infringe the Registrations; and, through its infringing activities, SSI is purposely attempting to create the appearance of an association between SSI and Kirby Morgan in order to profit therefrom.  See, Docket No. 26 at Counterclaim, ¶¶ 17, 21.

On or about January 22, 2013, Kirby Morgan sent a cease and desist letter to SSI, and subsequently provided SSI an additional week to respond the letter.  See, Docket No. 26 at Counterclaim, ¶ 23 and Exh. 13.  SSI, however, had no intention of cooperating, but rather, commenced this action for declaratory relief on February 8, 2013.  See, Docket No. 1.  SSI then filed an amended complaint for declaratory relief (see, Docket No. 13).

In response to SSI's amended complaint, Kirby Morgan, inter alia, alleged that the Registrations, which are incontestable pursuant to 15 U.S.C. § 1065, are being infringed by SSI.  See, Docket No. 26 at Counterclaim, ¶ 8 and Exhs. 1-5.

On or about July 16, 2013, the Court issued a Pretrial Preparation Order that set a deadline to amend pleadings on August 16, 2013 and a non-expert discovery cut-off of March 14, 2014.  See, Docket No. 28.

On August 26, 2013, Kirby Morgan took the deposition of SSI via its corporate representative, Jason Van der Schyff ("Van der Schyff").  As a result of the deposition, a number of facts were gleaned, as set forth in further detail below, that prompted Kirby Morgan to seek to file its First Amended Counterclaims to both add a false advertising claim, and to add Mr. Van der Schyff and Heliox, Inc. ("Heliox") as additional counterdefendants.

For these reasons, as well as those set forth below, Kirby Morgan respectfully requests that the Court amend the Scheduling Order and grant Kirby Morgan leave so that its Amended Counterclaims can be filed.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

III.     <u>LEGAL STANDARD FOR MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO AMEND PLEADINGS</u>

When a case management scheduling order sets a deadline for amending pleadings and the deadline has passed, the liberal policy regarding amendment of pleadings under Rule 15(a) no longer applies.  <u>See</u>, <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294 (9th Cir. 2000); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992).  To allow the amendment, the scheduling order must be modified, requiring leave of court and a showing of good cause.  <u>Coleman</u>, 232 F.3d at 1294; <u>Johnson</u>, 975 F.2d at 608.  The good cause standard "primarily considers the diligence of the party seeking the amendment."  <u>Johnson</u>, 975 F.2d at 608; <u>see also</u>, <u>Coleman</u>, 232 F.3d at 1295.

To determine diligence, the moving party may be required to show: (1) diligence in assisting the court in creating a workable Rule 16 order; (2) the noncompliance with a Rule 16 deadline occurred notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and, (3) diligence in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.  <u>See</u>, <u>Algee v. Nordstrom, Inc.</u>, 2011 U.S. Dist. LEXIS 148374 at *4 (N.D. Cal. Dec, 27, 2011) (granting motion for leave to amend after deadline set in scheduling order) (<u>citing</u>, <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999); <u>Loretta Cheeks v. General Dynamics Corp.</u>, 2013 U.S. Dist. LEXIS 88126 at *3-4 (D. Az. June 24, 2013).  In fact, as at least one judge in this district has stated:

> "[b]ecause Rule 16(b)'s "good cause" standard essentially incorporates the other factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile.  <u>Thompson v. City of Redding</u>, 2011 U.S. Dist. LEXIS 69645, at *3 n.2 (E.D. Cal.). However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.  <u>Miller v. Rykoff-Sexton</u>, 845 F.2d 209, 214 (9th Cir. 1988); <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995).

<u>Algee v. Nordstrom, Inc.</u>, 2011 U.S. Dist. LEXIS 148374 at *5.

**Kirby Morgan's Motion to Amend Scheduling Order and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

1   Once good cause is shown, the amendment is then analyzed under Fed.R.Civ.P. 15(a).

2   Johnson, 975 F.2d at 608-09. Fed.R.Civ.P. 15 mandates that leave to amend "be freely given

3   when justice so requires." Fed.R.Civ.P. 15(a). "This policy is to be applied with extreme

4   liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). In

5   determining whether to allow an amendment, a court considers whether there is undue delay, bad

6   faith, undue prejudice to the opposing party, or futility of amendment. See, Foman v. Davis, 371

7   U.S. 178, 182 (1962); see also, Smith v. Pacific Properties & Development Corp., 358 F.3d 1097,

8   1101 (9th Cir. 2004) (citing the Foman factors). "Not all of the [Foman] factors merit equal

9   weight … . [I]t is the consideration of prejudice to the opposing party that carries the greatest

10  weight." Eminence Capital, 316 F.3d at 1052. Delay alone is an insufficient basis for denying a

11  motion for leave to amend. Hurn v. Retirement Fund Trust, 648 F.2d 1252, 1254 (9th Cir. 1981).

12  The non-moving party bears the burden of demonstrating that granting leave to amend

13  would be improper. Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530-31 (N.D. Cal.

14  1989) (citing, Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986); see also, Witt v.

15  Martinez, 1992 U.S. Dist. LEXIS 13571 at *3 (N.D. Cal. July 16, 1992) ("[t]he party opposing a

16  motion for leave to amend bears the burden to convincingly demonstrate that a 'substantial reason

17  exists to deny leave to amend'"). "The party opposing amendment bears the burden of showing

18  prejudice." See, DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). "Absent

19  prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption

20  under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052.

21

22  **IV.     GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER TO ALLOW**

23  **KIRBY MORGAN TO FILE AMENDED COUNTERCLAIMS**

24  To allow amendment of the scheduling order, a showing of good cause is required. See,

25  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Johnson v. Mammoth

26  Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). The good cause standard "primarily

27  considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 608; see also,

28  Coleman, 232 F.3d at 1295. In assessing diligence, the moving party may be required to show:

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

(1) diligence in assisting the court in creating a workable Rule 16 order; (2) the noncompliance with a Rule 16 deadline occurred notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and, (3) diligence in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.  See, Algee v. Nordstrom, Inc., 2011 U.S. Dist. LEXIS 148374 at *4 (N.D. Cal. Dec, 27, 2011) (granting motion for leave to amend after deadline set in scheduling order) (citing, Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999); Loretta Cheeks v. General Dynamics Corp., 2013 U.S. Dist. LEXIS 88126 at *3-4 (D. Az. June 24, 2013).   Here, Kirby Morgan meets all three criteria establishing its diligence, and thus showing good cause to amend the scheduling order to allow the requested amendment.

**A.      Kirby Morgan Diligently Worked with SSI's Counsel to Frame the Rule 16 Order**

Kirby Morgan has been diligent in prosecuting this case.  Kirby Morgan diligently worked with opposing counsel to file the parties' Joint Case Management Conference Statement on May 10, 2013.  See, Docket No. 19.  Kirby Morgan again diligently worked diligently with opposing counsel to file a Supplemental Joint Case Management Conference Statement on July 2, 2013, at the request of SSI's counsel.  See, Docket No. 25.  Kirby Morgan attended the Joint Case Management Conference held by the Court on or about July 12, 2013, and diligently worked with opposing counsel to assist the Court in establishing the scheduling order for this action.  See, Docket Nos. 27, 28.  As such, Kirby Morgan was diligently involved in the preparation of the Rule 16 Order in this case.

**B.      Kirby Morgan's Request to Amend After the Deadline for Amendments in the Pretrial Preparation Order was Caused by Matters Not Reasonably Foreseen or Anticipated at the Time of the Rule 16 Scheduling Conference**

As a general matter, it is unusual to take depositions very early in the discovery period.  In this case, particularly in light of the Scheduling Conference and Pretrial Preparation Order

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ᴺᴰ STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims
Case No. C 13-0575 MMC

occurring in mid-July, as well as in light of the ongoing battle regarding the pleadings, it would have been highly unusual for a Kirby Morgan to have taken a deposition of SSI prior to the August 16, 2013 deadline to amend the pleadings in this case.  Accordingly, Kirby Morgan could not have reasonably anticipated that it would learn that SSI is nothing more than the marketing arm of another entity, Heliox, and that SSI was essentially a shell corporation controlled by the owners of Heliox, who are also the owners of SSI.  Likewise, Kirby Morgan could not have reasonably anticipated the role played by Van der Schyff in both SSI and Heliox.  Such facts are not publicly available to the best of Kirby Morgan's knowledge.  Learning this information for the first time at the August 26, 2013 deposition of SSI, and subsequent review of the deposition transcript, was the impetus for the present motion.

### 1.      Good Cause Exists to Amend the Scheduling Order to Allow Kirby Morgan to File an Amended Counterclaim Adding Heliox as a Party

SSI produced Van der Schyff as its 30(b)(6) witness.  Van der Schyff testified that SSI essentially existed for the purpose of marketing products made by Heliox.  (Van der Schyff Depo. 208:3-18, filed under seal herewith).[1]  Van der Schyff further made clear that SSI and Heliox are intimately related.  SSI and Heliox share substantially the same owners.  (Van der Schyff Depo. 206:9-19; 212:19-23, filed under seal herewith).  Likewise, SSI and Heliox share substantially the same management.

***With respect to SSI***, per Van der Schyff's deposition testimony, one Steve Drury ("Drury"), one Phillip Straw ("Straw"), and Van der Schyff, are the directors of the company. (Van der Schyff Depo. 167:10-23).[2]  Drury is the Chairman of SSI.  (Van der Schyff Depo. 47:24-48:8; 142:4-6).  Straw is the Secretary of Surface Suppled.  (Van der Schyff Depo. 141:24-

---

[1] The confidential portions of the transcript of the deposition of SSI's 30(b)(6) witness, Jason Van der Schyff, cited in support of this motion have been concurrently filed under seal as Exhibit "B" to the accompanying Sandelands Decl.

[2] The non-confidential portions of the transcript of the deposition of SSI's 30(b)(6) witness, Jason Van der Schyff, cited in support of this motion are appended as Exhibit "C" to the accompanying Sandelands Decl.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ⁿᴰ STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

9

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

142:3).  Van der Schyff himself is the Chief Executive Officer of SSI.  (Van der Schyff Depo., 142:9-11).  In addition, SSI's counsel of record in this action, Anthony T. Cascio ("Attorney Cascio"), is an owner of SSI.  (Van der Schyff Depo. 170:20-171:5).

**With respect to Heliox**, per Van der Schyff's deposition testimony, Straw, Drury and Attorney Casio are the directors of the company.  (Van der Schyff Depo. 167:24-168:8).  Per Van der Schyff, Straw is the Chairman of Heliox (Van der Schyff Depo. 142:17-19); Drury is the Chief Technical Officer of Heliox, (Van der Schyff Depo. 142:14-16), and Van der Schyff himself is the Director of Marketing for Heliox.  (Van der Schyff Depo. 142:11-13).

These new facts, gleaned for the first time at the August 26, 2013 deposition of SSI, demonstrate that good cause exists to amend the scheduling order to allow Kirby Morgan leave to file amended counterclaims that add Heliox as a party, because the new facts establish that SSI is owned, directed, and controlled by Heliox and its principals, including Van der Schyff, and that Heliox is apparently making the products that SSI advertises.  Because of this relationship between SSI and Heliox, and their interrelated corporate governance, Kirby Morgan cannot obtain complete relief from SSI's infringing acts from SSI alone.  Any injunctive or other relief awarded to Kirby Morgan must also extend to Heliox and Van der Schyff because they own, direct, control, make product for, and are responsible for, the acts of SSI.

## 2.   Good Cause Exists to Amend the Scheduling Order to Allow Kirby Morgan to File an Amended Counterclaim Adding Van Der Schyff as a Party

During the deposition of SSI, Van der Schyff testified that he was no stranger to either company (SSI or Heliox).   Per Van der Schyff, he has an ownership interest in both companies and serves as the Chief Executive Officer of SSI, and Director of Marketing for Heliox.  (Van der Schyff Depo. 16:21-17:8; 111:6-11; 142:9-11 and 142:11-13).  Van der Schyff also testified that he spends four to six days per week working for Heliox and only a small portion of his time is spent working for SSI.  (Van der Schyff Depo. 111:22-112:1; 169:18-170:3).

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

**Kirby Morgan's Motion to Amend Scheduling Order and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

Van der Schyff also testified that he was *well aware* of Kirby Morgan's reputation in the commercial diving industry. (Van der Schyff Depo. 52:12-25). Per Van der Schyff, he has made over 150 commercial dives and has never used anything other than a Kirby Morgan helmet. (Van der Schyff Depo. 64:2-8). Van der Schyff also sold Kirby Morgan equipment for several years while working for authorized Kirby Morgan dealers. (Van der Schyff Depo. 52:2-53:12; 55:10-19; 57:10-17). Van der Schyff had previously applied to be an authorized Kirby Morgan dealer, but was turned down. (Van der Schyff Depo. 27:7-11).

Despite having substantial knowledge of Kirby Morgan's reputation in the commercial diving industry, and despite having applied for a Kirby Morgan authorized dealership, but having been turned down, Van der Schyff nevertheless created advertisements for SSI that prominently featured Kirby Morgan's trademarked diving helmets. (Van der Schyff Depo. 27:12-18). Per Van der Schyff, he created SSI's infringing advertisements. (Van der Schyff Depo. 74:3-10; 83:8-16; 188:2-25; 193:24-194:3).

Van der Schyff also testified that he created the infringing SSI Logo (i.e., a diving helmet design mark modeled from a trademarked Kirby Morgan helmet). (Van der Schyff Depo. 21:19-22; 194:4-17). Regarding Van der Schyff's early use of the SSI Logo, Van der Schyff testified that he was warned by third parties that he risked being sued by Kirby Morgan if he continued using the confusingly similar SSI logo. (Van der Schyff Depo. 85:1-89:8).

Despite being warned by third parties that the SSI Logo was likely to be considered infringing by Kirby Morgan, and despite receiving a cease and desist letter from Kirby Morgan in January of 2013 regarding SSI's use of the logo and use of images of Kirby Morgan's helmets in marketing SSI's products, Van der Schyff continued, and still continues, to use the SSI Logo and images of Kirby Morgan's helmets in SSI's advertising to this day.

As shown by the foregoing, good cause exists to amend the Scheduling Order to allow Kirby Morgan leave to file amended counterclaims adding Van der Schyff as a party, because the aforementioned facts, the vast majority of which were unknown to Kirby Morgan prior to the SSI deposition, demonstrate Van der Schyff's personal involvement in SSI's infringing acts, and that Van der Schyff has knowingly and intentionally caused SSI to engage in trademark infringement

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ⁿᴰ STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

**Kirby Morgan's Motion to Amend Scheduling Order and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

and other business torts.  <u>See</u>, <u>Coastal Abstract Service, Inc. v. First American Title Ins. Co.</u>, 173 F.3d 725, 734 (9th Cir. 1999) ("A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf."); <u>Donsco, Inc. v. Casper Corp.</u>, 587 F.2d 602, 606 (3d Cir. 1978) (same); <u>see also</u>, <u>ADT Security Services, Inc. v. Security One Int'l, Inc.</u>, 2012 U.S. Dist. LEXIS 131724 at *5 (N.D. Cal. Sept. 14, 2012) (same).  Accordingly, good cause exists to allow Kirby Morgan to add Van der Schyff as a counterdefendant in this case.

### 3.   Good Cause Exists to Amend the Scheduling Order to Allow Kirby Morgan to File an Amended Counterclaim Adding a False Advertising Claim

Proposed counterdefendant Van der Schyff has repeatedly written press releases and run advertisements for products purportedly for sale by SSI.  (Van der Schyff Depo. 175:9-19).  In each instance, however, the press releases and advertisements were factually inaccurate as the products referenced and/or advertised did not exist in production form and were not available for sale.  (Van der Schyff Depo. 124:1-11; 158:16-24; 165:8-166:19).  Rather, in each instance, the products existed only in partially functional prototype form or in nonfunctional mockup form. (Van der Schyff Depo. 166:20-167:9).

In at least one instance, Van der Schyff *falsely* claimed that a product was installed and in actual use at a diving research facility.  (Van der Schyff Depo. 182:13-183:11).

In another instance, Van der Schyff *falsely* claimed that a product was "CE marked." (Van der Schyff Depo. 175:20-176:25; 200:3-19).  To be "CE marked" means that a product meets a European safety standard for dive products.

In yet another instance, Van der Schyff *falsely* claimed that a product was "Made in America" when, in fact, 85% of the product's components were made *outside* of the United States.  (Van der Schyff Depo. 31:16-25; 80:12-81:12).

Attached to the accompanying Sandelands Decl. as Exhibit "D" is a press release written by Van der Schyff.  The press release was published in the September/October 2011 edition of

**Kirby Morgan's Motion to Amend Scheduling Order and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

Underwater Magazine.  The press release states that underwater lights purportedly supplied by SSI had "found application" at Aquarius Reef Base, an underwater research habitat located in Florida.  Van der Schyff testified, however, that no lights provided by SSI had been installed at Aquarius Reef Base at the time the article was written in 2011.  (Van der Schyff Depo. 182:13-183:11).  In fact, no such lights were ever delivered, much less installed.  (Van der Schyff Depo. 183:9-11).  The advertised lighting equipment, to this day, exists only in prototype form and has never been delivered to a customer.  (Van der Schyff Depo. 166:5-19).

Attached to the accompanying Sandelands Decl. as Exhibit "E" is an advertisement placed by Van der Schyff on behalf SSI.  The advertisement ran in the September/October 2012 edition of Underwater Magazine.  The advertisement purports to offer for sale the SSI Triton which is described as being "Industry Leading Life Support Equipment."  Van der Schyff testified however, that SSI had never sold a Triton at the time the advertisement was placed.  (Van der Schyff Depo. 96:18-97:14).  Thus, the product could not have been "industry leading."  Per Van der Schyff, SSI has not sold a Triton to this day, and it only exists as a nonfunctional mockup.  (Van der Schyff Depo. 99:25-100:6; 101:2-4).

Attached to the accompanying Sandelands Decl. as Exhibit "F" is another press release written by Van der Schyff.  The press release asserts that SSI offers for sale gas analysis equipment.  The press release asserts that the equipment is "CE marked" and "available for sale worldwide."  Van der Schyff testified however, that the advertised gas analysis equipment did not exist in production form at the time the advertisement was placed and had never received CE marking.  (Van der Schyff Depo. 175:20-176:25; 200:3-19).  Per Van der Schyff, the equipment exists only as a partially functional prototype.  (Van der Schyff Depo. 177:1-2).

Attached to the accompanying Sandelands Decl. as Exhibit "G," is a copy of yet another SSI advertisement, this one for gas analysis equipment run in Underwater Magazine.  The equipment is advertised as being "Made in America," yet Van der Schyff testified that 85% of the components are not made in America.  (Van der Schyff Depo. 31:16-25; 80:12-81:12).  Moreover, the advertised equipment is not available for sale, but exists only in partially functional, prototype form.  (Van der Schyff Depo. 177:1-2).

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

1    The above are but a few examples of SSI's many instances of blatantly false advertising.

2    Regarding the foregoing false advertising by SSI, as directed and/or approved by Van Der

3    Schyff and Heliox, Kirby Morgan has been, and continues to be, harmed by SSI's false

4    advertising because SSI uses images of Kirby Morgan's registered trademarks, or uses a mark

5    confusingly similar to Kirby Morgan's registered trademarks, to promote the products.  By using

6    Kirby Morgan's registered trademarks to promote their equipment, SSI, as directed and/or

7    approved by Heliox and Van der Schyff, are actively and purposely attempting to associate SSI

8    with Kirby Morgan in the minds of the relevant consumers.  Therefore, every time the consuming

9    public discovers that SSI is unable to deliver one if its advertised products because it exists only

10   as a prototype and not as a fully functional product ready for commercial use, Kirby Morgan's

11   reputation and business goodwill is likely to be harmed.

12   In fact, in at least one instance, SSI accepted, and then refunded, payment for a product

13   because it was unable to timely convert a prototype into a production product suitable for

14   commercial sale.  (Van der Schyff Depo. 181:10-182:10).

15   For the aforementioned reasons, good cause exists to amend the scheduling order to allow

16   Kirby Morgan to add a claim for false advertising because at the time Kirby Morgan filed its

17   original counterclaims, it could not reasonably have anticipated that SSI, in addition to infringing

18   Kirby Morgan's registered trademarks, was using Kirby Morgan's marks to sell equipment that

19   did not exist, and still does not exist, in fully functional production form.

20

21   **C.**    **Kirby Morgan Has Diligently Sought to Amend the Scheduling Order Once It**

22   **Became Aware of the Information from the SSI Deposition**

23   Kirby Morgan took SSI's deposition on August 26, 2013.  After review of the transcript

24   and consideration of the status of the case, and applicable law, Kirby Morgan brought this

25   motion.  Kirby Morgan has not waited around and allowed time to pass.  It has been diligent in

26   moving forward with its amendment while there remains a significant amount of time available

27   for the parties, including the counterdefendants sought to be added to plead, conduct discovery,

28   retain experts, etc.  The non-expert discovery cut-off in this case is not until March 14, 2013, over

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

five (5) months from the date this motion was filed.  As such, not only has Kirby Morgan been diligent in seeking to amend the Scheduling Order, but its diligence has served to preserve the rights of the counterdefendants (SSI and the ones to be added).

Accordingly, Kirby Morgan meets the standard of "good cause" required for an amendment to the Scheduling Order under Rule 16(b).

**V.    NO GROUNDS EXIST TO DENY KIRBY MORGAN LEAVE TO FILE ITS AMENDED COUNTERCLAIMS**

There does not appear to be any reason to deny Kirby Morgan leave to file its First Amended Counterclaims.  In determining whether to allow an amendment, a court considers whether there is undue delay, bad faith, undue prejudice to the opposing party, or futility of amendment.  See, Foman v. Davis, 371 U.S. 178, 182 (1962); see also, Smith v. Pacific Properties & Development Corp., 358 F.3d 1097, 1101 (9th Cir. 2004) (citing the Foman factors). The non-moving party bears the burden of demonstrating that granting leave to amend would be improper.  Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989); see also, Witt v. Martinez, 1992 U.S. Dist. LEXIS 13571 at *3 (N.D. Cal. July 16, 1992) ("[t]he party opposing a motion for leave to amend bears the burden to convincingly demonstrate that a 'substantial reason exists to deny leave to amend'"); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  None of these factors weigh in favor of disallowing entry of Kirby Morgan's proposed amended counterclaims.

With respect to the prejudice factor, the counterdefendants (SSI or the ones sought to be added) will not incur any prejudice by the proposed amended counterclaims because discovery has only just begun in this matter, and the non-expert discovery cut-off under the current Scheduling Order is not until March 14, 2014.  See, Docket No. 28.  This provides both SSI and the counterdefendants to be added ample time to conduct any discovery needed to support any claims or defenses it.  As such, this is not a case of a belated amendment near or after the discovery cut-off where prejudice might become an issue.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

**Kirby Morgan's Motion to Amend Scheduling Order and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

In addition, no prejudice will be incurred by any defendant as a result of entry of the proposed amended counterclaims because the parties sought to be added are closely related to SSI. Heliox and Surface Supplied essentially share the same ownership and management. Van der Schyff is an owner of both Heliox and SSI and is the Director of Marketing for Heliox and the CEO of SSI. As such, both of the defendants Kirby Morgan seeks to add to the case are fully informed of these proceedings to date. Moreover, both SSI and the proposed new counterdefendants are familiar with the legal issues raised by this action because Attorney Cascio, one of SSI's attorneys of record, is an owner of SSI and also a director of Heliox.

With respect to the remaining Fed.R.Civ.P. 15(a) factors set forth by the Ninth Circuit, the proposed amended counterclaims are not presented in bad faith, but rather are presented pursuant to Kirby Morgan's desire to seek redress for the actions of SSI, which the evidence shows were, and are, directed by proposed defendants Heliox and Van der Schyff.

With respect to undue delay, Kirby Morgan has been diligent in seeking the present amendment, and only recently learned of the facts that are prompting the request to amend. Aside from the fact that delay alone is not a basis for denying leave to amend, there has been no delay here.

With respect to futility, the proposed amended counterclaims are not sought to cure pleading deficiencies. In fact, with respect to the original counterclaims, SSI did not challenge them pursuant to Fed.R.Civ.P. 12(b)(6). Thus, SSI and the new counterdefendants have no basis for suggesting that the proposed amended counterclaims are futile. Furthermore, because the proposed amended counterclaims are not futile, and because Kirby Morgan satisfied the standard under Fed.R.Civ.P. 16(b) for amending the Scheduling Order, there is no basis for denying Kirby Morgan leave to amend. See, Algee v. Nordstrom, Inc., 2011 U.S. Dist. LEXIS 148374 at *5 (N.D. Cal. Dec, 27, 2011) ("[b]ecause Rule 16(b)'s "good cause" standard essentially incorporates the other factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile.").

For the aforementioned reasons, Kirby Morgan should be granted leave to file its First Amended Counterclaims.

CISLO & THOMAS LLP
Attorneys at Law
1333 2ᴺᴰ STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

1

## VI.   CONCLUSION

Kirby Morgan's motion to amend the scheduling order and for leave to file amended counterclaims should be granted.  Kirby Morgan has been diligent in all aspects of this case, and after learning, at the recent deposition of SSI's principal, of new facts pertaining to SSI's wrongdoing and those controlling and directing it, Kirby Morgan promptly sought the present amendments.  For these reasons, as well as those set forth herein, Kirby Morgan should be granted leave to file amended counterclaims.


Dated:  September 27, 2013                         Respectfully submitted,
                                                   CISLO & THOMAS, LLP


                                        By:     s/Daniel M. Cislo
                                                Daniel M. Cislo
                                                David B. Sandelands
                                                Mark D. Nielsen
                                                Attorneys for Defendant/Counterclaimant,
                                                KIRBY MORGAN DIVE SYSTEMS, INC.

T:\13-27381\Kirby Morgan's Motion to Amend Scheduling Order and For Leave to File First Amended Complaint.docx

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC

## <u>CERTIFICATE OF SERVICE</u>

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action.  My business address is 1333 2nd Street, Suite 500, Santa Monica, California 90401-4110.  I hereby certify that on September 27, 2013, I caused to be electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of California, using the electronic case filing system of the court, with the following counsel of record for the opposing party(ies) receiving the foregoing electronically-filed document:

John I. Alioto, Esq.
Alito & Alioto, LLP
1127 Pope Street, Suite 205
St. Helena, CA 94574-1281
jalioto@alioto.com

Anthony T. Cascio, Esq.
Cascio & Zervas, LLP
485 Broadway Ave., Suite 800
Millbrae, CA 94030
tony@cascioiplaw.com

☒   **<u>FEDERAL</u>**:  I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on September 27, 2013, at Santa Monica, California.


s/Stephanie Diaz-Sandoval
Stephanie Diaz-Sandoval

**Kirby Morgan's Motion to Amend Scheduling Order
and for Leave to File Amended Counterclaims**
Case No. C 13-0575 MMC