1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT
9           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11   SURFACE SUPPLIED, INC.,                  No. C-13-0575 MMC
12              Plaintiff,                     **ORDER GRANTING DEFENDANT'S**
                                               **MOTION TO DISMISS COUNTER-**
13      v.                                     **DEFENDANT'S SECOND AND THIRD**
                                               **COUNTERCLAIMS AND TO STRIKE**
14   KIRBY MORGAN DIVE SYSTEMS, INC.,          **COUNTER-DEFENDANT'S**
                                               **AFFIRMATIVE DEFENSES**
15              Defendant.
16   AND RELATED COUNTERCLAIMS.
                                    /
17

18      Before the Court is defendant/counterclaimant Kirby Morgan Dive System, Inc.'s

19   ("Kirby Morgan") "Motion to Dismiss Counter-Defendant's Second and Third Counterclaims

20   . . . and Motion to Strike Counter-Defendant's Affirmative Defenses," filed August 16, 2013.

21   Plaintiff/counter-defendant Surface Supplied, Inc. ("SSI") has filed opposition, to which

22   Kirby Morgan has replied.  Having read and considered the papers filed in support of and in

23   opposition to the motion, the Court rules as follows.[1]

24                              **BACKGROUND**

25      Kirby Morgan is a California corporation that manufactures and markets "surface-

26   supplied commercial diving helmets and related diving equipment."  (See SSI First

27   Amended Answer and Affirmative Defenses and First Amended Counterclaim

28   _____

       [1] By order filed September 17, 2013, the Court took the motion under submission.

("FAA/FACC"), Countercls. ¶ 5.)  It holds a number of registered trademarks.  (See Request for Judicial Notice in Support of Motion to Dismiss ("RJN") Exs. 11–15 (notices from United States Patent and Trademark Office regarding five trademarks).)[2]  SSI, also a California corporation, is "a market entrant into the United States market for surface gas controllers and analyzers" and "a potential entrant into the United States market for commercial diving helmets[.]"  (See id. ¶ 4.)

On January 22, 2013, Kirby Morgan dispatched to SSI a letter demanding that SSI immediately cease and desist from using three images, including SSI's logo, on the ground that the images infringe Kirby Morgan's trademarks.  (See id. ¶ 12.)  On February 8, 2013, SSI filed a complaint for declaratory relief, which it amended on March 1, 2013.  In its amended complaint, SSI sought declarations that its use of the images do not infringe Kirby Morgan's trademarks and that said trademarks are unenforceable on the ground of trademark misuse.  (See First Amended Compl. ("FAC"), Prayer ¶¶ 1–3.)  In its answer to the FAC, filed July 12, 2013, Kirby Morgan responded by asserting, a series of counterclaims for, inter alia, trademark infringement.  (See Ans. ¶¶ 27–32.)

SSI thereafter filed the pleading here at issue, in which it asserts the following twenty-one affirmative defenses to Kirby Morgan's counterclaims: (1) "Failure to State a Claim"; (2) Statute of Limitations"; (3) "Estoppel"; (4) "Unclean Hands"; (5) "Laches"; (6) Acquiescence"; (7) "Fraud"; (8) "Abandonment"; (9) "Source Misrepresentation"; (10) "Descriptive Fair Use"; (11) "Nominative Fair Use"; (12) "Freedom of Speech"; (13) "Monopolization and Attempt to Monopolize"; (14) "Violation of Antitrust Laws"; (15) "Functionality"; (16) "Genericness"; (17) "Descriptiveness"; (18) "No Damages"; (19) "No Commerce"; (20) "Exhaustion of Remedies"; and (21) "Reservation of Defenses."  It also asserts three counterclaims on its own behalf: "Cancellation of Trademark Registration"; "Attempt to Monopolize"; and "Monopolization."  The latter two counterclaims both allege that Kirby Morgan "engaged in . . . anticompetitive conduct" by "bringing a series of lawsuits

---

[2] Kirby Morgan's request for judicial notice is unopposed.  (See Opp'n at 19–20.)

1   pursuant to a policy of starting legal proceedings without regard to the merits and for the

2   purpose of injuring a market rival."  (FAA/FACC, Countercls. ¶¶ 37, 39, 45, 46.)  By the

3   instant motion, Kirby Morgan asks the Court to strike all twenty-one affirmative defenses,

4   some without leave to amend, and to dismiss SSI's second and third counterclaims.

5                                    **LEGAL STANDARD**

6         Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based

7   on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

8   cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

9   1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim

10  showing that the pleader is entitled to relief.'"  See Bell Atl. Corp. v. Twombly, 550 U.S.

11  544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by

12  a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.

13  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief

14  requires more than labels and conclusions, and a formulaic recitation of the elements of a

15  cause of action will not do."  See id. (internal quotation, citation, and alteration omitted).

16        In analyzing a motion to dismiss, a district court must accept as true all material

17  allegations in the complaint, and construe them in the light most favorable to the

18  nonmoving party.  See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To

19  survive a motion to dismiss, a complaint must contain sufficient factual material, accepted

20  as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S.

21  662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must be enough

22  to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555.  Courts

23  "are not bound to accept as true a legal conclusion couched as a factual allegation."  See

24  Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

25        Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any

26  material beyond the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

27  F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Documents whose contents are alleged in the

28  complaint, and whose authenticity no party questions, but which are not physically attached

                                          3

to the pleading, however, may be considered.  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).  In addition, a district court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referenced in the complaint.  See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).  Finally, the Court may consider matters that are subject to judicial notice.  See Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

**DISCUSSION**

**A. Affirmative Defenses**

The Court first turns to SSI's affirmative defenses, which Kirby Morgan argues SSI has inadequately pleaded.  As Kirby Morgan points out, the answer includes no factual allegations in support of any of the twenty-one "affirmative defenses," but, rather, consists entirely of legal conclusions.  See Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (holding "defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding, in context of challenge to adequacy of complaint, "legal conclusions," to comply with Rule 8, "must be supported by factual allegations").  In its opposition, SSI "concede[s] that its affirmative defenses need to be amended to conform to the requirements of Iqbal-Twombly" (Opp'n at 23) and requests leave to amend.  Kirby Morgan argues that SSI should be denied leave to amend its first, fifth, twelfth, thirteenth, seventeenth, eighteenth, and twenty-first affirmative defenses because amendment would be futile.

**1. First, Eighteenth, and Twenty-First Affirmative Defenses**

As Kirby Morgan correctly points out, several of SSI's affirmative defenses are not, in fact, affirmative in nature.  "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); see Barnes, 718 F. Supp. 2d at 1173–74 (striking "affirmative defenses" that "simply provide[d] a basis to negate an element of [plaintiff's]

4

prima facie case for relief"; noting such "affirmative defenses" are "merely rebuttal against the evidence presented by the plaintiff").

SSI's first affirmative defense alleges Kirby Morgan's counterclaims "fail to state a claim upon which relief may be granted." (See FAA/FACC, Affirm. Defs. ¶ 1). "Failure to state a claim is not a proper affirmative defense, but, rather, asserts a defect in [the] prima facie case." Barnes, 718 F. Supp. 2d at 1174. Accordingly, SSI's first affirmative defense will be stricken without leave to amend.

SSI's eighteenth affirmative defense alleges Kirby Morgan "has suffered no damages and/or has failed to mitigate its damages, if any." (See FAA/FACC, Affirm. Defs. ¶ 18). "[A]n assertion that the plaintiff suffered no damages is not an affirmative defense, because it is essentially an allegation that the plaintiff cannot prove the elements of its claims." JPMorgan Chase Bank, N.A. v. Parkside Lending, LLC, 2013 U.S. Dist. LEXIS 16981 at *4 (N.D. Cal. Feb. 7, 2013). Accordingly, to the extent that SSI's eighteenth affirmative defense alleges that Kirby Morgan "suffered no damages," it will be stricken without leave to amend.[3]

In its twenty-first affirmative defense, SSI attempts to "reserve[] the right to assert . . . additional defenses in the event that further discovery, investigation or analysis indicate they are proper." (FAA/FACC, Affirm. Defs. ¶ 21.) "An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. Instead, if at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure." Solis v. Zenith Capital, LLC, 2009 WL 1324051 at *7 (N.D. Cal. May 8, 2009) (internal citation omitted). Accordingly, SSI's twenty-first affirmative defense will be stricken without leave to amend.

**2. Fifth Affirmative Defense**

---

[3] While Kirby Morgan argues that the entirety of the eighteenth affirmative defense should be stricken, it only argues that "the 'no damages' portion" of such defense "should be stricken without leave to amend." (See Mot. at 23–24.)

1    Kirby Morgan argues that SSI's "laches" affirmative defense should be stricken "as a

2    matter of law" because the statutes of limitations for Kirby Morgan's claims have not run.

3    (See Mot. at 18.)  Although "[l]aches, an equitable defense, is distinct from the statute of

4    limitations, a creature of law," Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829,

5    835 (9th Cir. 2002), "[i]f a [Lanham Act] claim is filed within the analogous state limitations

6    period,[4] the strong presumption is that laches is inapplicable," id. at 837.  Here, however,

7    SSI has pleaded no facts to show the nature of its laches defense and, consequently, the

8    Court is unable to determine whether the presumption, in this instance, could or could not

9    be rebutted.  Accordingly, SSI's fifth affirmative defense will be stricken with leave to

10   amend.

11       **3. Twelfth Affirmative Defense**

12       Kirby Morgan argues that SSI's "Freedom of Speech" affirmative defense, which is

13   asserted in addition to SSI's two "fair use" defenses, should be stricken without leave to

14   amend because speech that tends to mislead and confuse consumers is not protected

15   speech under the First Amendment.  (See Mot. at 21.)  "Limited to [their] core

16   purpose–avoiding confusion in the marketplace–a trademark owner's property rights play

17   well with the First Amendment."  Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 900 (9th

18   Cir. 2002).  Nevertheless, "[t]rademark rights do not entitle the owner to quash an

19   unauthorized use of the mark by another who is communicating ideas or expressing points

20   of view."  Id.  In other words, "the trademark owner does not have the right to control public

21   discourse whenever the public imbues his mark with a meaning beyond its

22   source-identifying function." .  In this case, although SSI has pleaded no facts suggesting

23   its usage of Kirby Morgan's marks has anything more than a "source-identifying function,"

24   there likewise are no facts suggesting it is unable to do so.  Accordingly, SSI's twelfth

25   affirmative defense will be stricken with leave to amend.

26

27       [4] Because the Lanham Act contains no statute of limitations, the Ninth Circuit

28   "'borrow[s]' the limitations period from the most closely analogous action under state law."
     Jarrow Formulas, 304 F.3d at 836.

1

**4. Thirteenth Affirmative Defense**

2      Kirby Morgan argues that SSI's "Monopolization and Attempt to Monopolize"

3   affirmative defense is duplicative of its fourth affirmative defense, "Unclean Hands." (See

4   Mot. at 21.)  As Kirby Morgan itself notes, however, SSI, in support of the latter, "fails to

5   identify any allegedly 'unclean' conduct by Kirby Morgan." (Id. at 18.)  Absent such

6   allegations, the Court cannot determine if SSI's thirteenth defense is, in fact, duplicative of

7   its fourth.  Accordingly, SSI's thirteenth affirmative defense will be stricken with leave to

8   amend.

9

**5. Seventeenth Affirmative Defense**

10      Kirby Morgan argues that "Descriptiveness" is not available to SSI as an affirmative

11   defense because Kirby Morgan's marks have achieved incontestable status. (See RJN

12   Exs. 11–15 (Notices of Acceptance and Acknowledgment, by United States Patent and

13   Trademark Office, confirming that the "combined declaration of use and incontestability

14   filed in connection with the registration . . . meets the requirements of Sections 8 and 15 of

15   the Trademark Act, 15 U.S.C. § 1058 and 1065").)

16      Under the Lanham Act:

17      To the extent that the right to use the registered mark has become
        incontestable under section 1065 . . . , the registration shall be conclusive
18      evidence of the validity of the registered mark and of the registration of the
        mark, of the registrant's ownership of the mark, and of the registrant's right to
19      use the registered mark in commerce.

20   15 U.S.C. § 1115(b).  Although § 1115(b) lists nine "defenses or defects" to which such

21   registration "shall be subject," see 15 U.S.C. § 1115(b)(1)–(9), the list does not include

22   "descriptiveness," see id., and the Supreme Court has held that an infringement action

23   brought by the holder of an incontestable mark "may not be defended on the grounds that

24   the mark is merely descriptive," Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189,

25   205 (1985).  Accordingly, SSI's seventeenth affirmative defense will be stricken without

26   leave to amend.

27

28      **6. Remaining Defenses**

7

1    Ordinarily, leave to amend a pleading should be afforded unless amendment would

2    be futile.  See Steckman v. Hart Brewing, Inc., 143 F. 3d 1293, 1298 (9th Cir. 1998) (citing

3    "general rule" that leave to amend following dismissal of pleading should be afforded unless

4    "any amendment would be an exercise in futility").  Here, Kirby Morgan has made no

5    argument that amendment of SSI's remaining affirmative defenses would be futile, nor, on

6    the record before it, can the Court so find.  Accordingly, the Court will afford SSI an

7    opportunity to amend those defenses to allege sufficient facts in support thereof.

8    **B. Counterclaims**

9    The Court next addresses the second and third counterclaims, "Attempt to

10   Monopolize" and "Monopolization," both brought under § 2 of the Sherman Act, 15 U.S.C.

11   § 2, and § 4 of the Clayton Act, 15 U.S.C. § 15.[5]  Kirby Morgan argues each is insufficiently

12   pleaded and, further, is barred by the Noerr-Pennington doctrine.  Kirby Morgan seeks an

13   order of dismissal without leave to amend, both on substantive, specifically futility, and

14   procedural grounds.[6]

15   **1. Attempt to Monopolize**

16   "[T]o state a claim for attempted monopolization, the plaintiff must allege facts that, if

17   true, will prove: (1) that the defendant has engaged in predatory or anticompetitive conduct

18   with (2) a specific intent to monopolize and (3) a dangerous probability of achieving

19   monopoly power."  Coalition for ICANN Transparency, Inc. v. VeriSign, Inc., 611 F.3d 495,

20   506 (9th Cir. 2010) (internal quotation omitted).  Kirby Morgan argues that SSI has

21   inadequately pleaded each element of its cause of action for attempted monopolization.

22   The Court agrees.

23

24

25   [5] Section 2 of the Sherman Act provides that "[e]very person who shall monopolize
     any part of the trade or commerce . . . shall be deemed guilty of a felony."  15 U.S.C. § 2.
26   Section § 4 of the Clayton Act provides a private right of action and treble damages to "any
     person who shall be injured in his business or property by reason of anything forbidden in
27   the antitrust laws," including violation of the Sherman Act.  15 U.S.C. § 15(a).

28   [6] The Court finds Kirby Morgan's citation to procedural deficiencies unpersuasive
     and addresses the question of futility below.

1    As to the first element, predatory or anticompetitive conduct, SSI alleges that "Kirby

2 Morgan has engaged in a pattern or practice of bringing a series of lawsuits pursuant to a

3 policy of starting legal proceedings without regard to the merits and for the purpose of

4 injuring a market rival" and that "Kirby Morgan has been successful in intimidating small

5 rivals and discouraging them from entering" the relevant markets.  (FAA/FACC, Countercls.

6 ¶ 37.)  As discussed below, "sham litigation may constitute anticompetitive conduct."  See

7 Girafa.com, Inc. v. Alexa Internet, Inc., 2008 WL 4500858 at *2 (N.D. Cal. Oct. 6, 2008)

8 (borrowing sham litigation test from Noerr-Pennington doctrine to determine whether

9 litigation constituted anticompetitive behavior under § 2 of Sherman Act).

10    "Sham litigation is litigation that is 'objectively baseless in the sense that no

11 reasonable litigant could realistically expect success on the merits,' and that is subjectively

12 intended to harm a competitor's business."  see id. (quoting Prof'l Real Estate Investors,

13 Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60–61 (1993)).  If "the alleged

14 anticompetitive behavior consists of bringing a single sham lawsuit (or a small number of

15 such suits), the antitrust plaintiff must demonstrate that the lawsuit was (1) objectively

16 baseless, and (2) a concealed attempt to interfere with the plaintiff's business

17 relationships."  Kottle v. Nw. Kidney Centers, 146 F.3d 1056, 1060 (9th Cir. 1998) (citing

18 Prof'l Real Estate Investors, 508 U.S. at 60-61).  If, on the other hand, "the alleged

19 anticompetitive behavior is the filing of a series of lawsuits," the question becomes "not

20 whether any one of them has merit–some may turn out to, just as a matter of chance–but

21 whether they are brought pursuant to a policy of starting legal proceedings without regard

22 to the merits and for the purpose of injuring a market rival."  See Kottle, 146 F.3d at 1060

23 (internal quotation and citation omitted).

24    Here, SSI has alleged that "Kirby Morgan has engaged in a pattern and practice of

25 bringing a series of lawsuits pursuant to a policy of starting legal proceedings without

26 regard to the merits and for the purpose of injuring a market rival."  (See FAA/FACC,

27

28

Countercls. ¶ 37, 45.)  SSI identifies, however, only two lawsuits[7] (see FAA/FACC,

Countercls. ¶¶ 14–15), and its allegation that other, "small rivals" have been "intimidat[ed]"

and "discourag[ed]" from entering the market, if meant to substantiate its pleading of such a

"series," is no more than conclusory (see FAA/FACC, Countercls. ¶¶ 37, 45).  If SSI intends

to allege a "series of lawsuits," it has failed to plead sufficient factual allegations showing

the existence of such a series.   If, on the other hand, SSI intends to rest its claim of

anticompetitive behavior on the two lawsuits it expressly references, it has failed to plead

any facts showing those lawsuits to be "objectively baseless."  See Kottle, 146 F.3d at

1060.  In sum, SSI fails to adequately plead the first element of a claim for attempt to

monopolize.

     With respect to the second element, specific intent to monopolize, SSI alleges that

"Kirby Morgan acts with the specific intent to destroy competition" and "to accomplish

monopolization of the Surface Gas Controllers and Analyzers Relevant Market."

(FAA/FACC, Countercls. ¶¶ 38-39.)  Although specific intent may be inferred from

anticompetitive conduct, see Hallmark Indus. v. Reynolds Metals Co., 489 F.2d 8, 12 (9th

Cir. 1973) (noting that "[o]rdinarily specific intent is difficult to prove and will be inferred from

such anticompetitive conduct"), where, as here, the anticompetitive conduct has not been

adequately alleged, an inference of specific intent is not warranted, see Rutman Wine Co.

v. E. & J. Gallo Winery, 829 F.2d 729, 735 (9th Cir.1987) (finding allegations of specific

intent "conclusory in the absence of anticompetitive conduct").  Consequently SSI fails to

adequately plead the second element of its claim.

     In pleading the third element, dangerous probability of achieving monopoly power,

SSI alleges only that Kirby Morgan has "market power in the highly concentrated United

---

[7] Prior to filing its counterclaims in the above-titled action, Kirby Morgan filed in the Central District of California a complaint alleging four of the same claims.  (See FAA/FACC, Countercls. ¶ 14.)  On July 17, 2013, after this Court denied Kirby Morgan's motion to dismiss the instant action in light of the Central District action, or, in the alternative, to transfer the present action to the Central District, Kirby Morgan voluntarily dismissed the Central District action.  (See id.)  SSI alleges, in conclusory fashion, that the above-titled action and the Central District action were filed "without regard to the merits and for the purpose of injuring a market rival."  (See ¶¶ 14–15.)

States market for surface gas controllers and analyzers" and that "there was a dangerous

probability that [Kirby Morgan] might succeed in monopolizing" that market.  (FAA/FACC,

Countercls. ¶¶ 36, 40.)  Such allegations are, in essence, nothing more than "labels and

conclusions," and a "formulaic recitation of the elements of a cause of action," and, as

such, "will not do."  See Twombly, 550 U.S. at 555; Rick-Mik Enterprises, 532 F.3d 963,

972 (9th Cir. 2008) (finding, where gasoline franchises constituted relevant product market,

allegation that defendant "rank[ed] number one in the industry in branded gasoline stations"

insufficient to allege market power, absent further factual allegations, such as "percentage

of [defendant's] gasoline franchises . . . as compared to other franchises" in same market,

"percentage of gasoline retail sales . . . made through non-franchise outlets," and "relative

difficulty of a franchisee to switch franchise brands"); see also Korea Kumho Petrochemical

v. Flexsys Am. LP, 2008 WL 686834 at *9 (N.D. Cal. Mar. 11, 2008) (finding "dangerous

probability" inadequately pleaded where plaintiff failed to "assert . . . facts in support of its

assertions of market power that suggest[ed] those assertions [were] plausible") (emphasis

in original).  SSI thus fails to adequately plead the third element.

Accordingly, SSI's counterclaim for attempted monopolization will be dismissed with

leave to amend to plead sufficient "factual allegations . . . to raise a right to relief above the

speculative level."  Twombly, 550 U.S. at 555.

**2. Monopolization**

"[A] claim for monopolization of trade has two elements: the possession of monopoly

power in the relevant market and . . . the acquisition or perpetuation of this power by

illegitimate predatory practices."  Coalition for ICANN Transparency, 611 F.3d at 506

(internal quotation and citations omitted; alteration in original).  Kirby Morgan argues that

SSI has inadequately pleaded each element of its second cause of action.  The Court again

agrees.

SSI alleges that "Kirby Morgan has monopoly power in the United States market for

surface supplied commercial diving helmets"; has "engaged in a pattern and practice of

bringing a series of lawsuits pursuant to a policy of starting legal proceedings without

11

regard to the merits and for the purpose of injuring a market rival"; has "been successful in intimidating small rivals and discouraging them from entering" the relevant market"; and has "acted with the specific intent to acquire and maintain its monopoly power in the Commercial Diving Helmet Relevant Market . . . and otherwise monopolize this relevant market."  (FAA/FACC, Countercls. ¶¶ 44-47.)

As discussed above, SSI's allegations as to predatory conduct are insufficient to "'state a claim to relief that is plausible on its face.'"  See Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Moreover, its bare assertion that "Kirby Morgan has monopoly power" in the relevant market, absent supporting factual allegations, is, in essence, a legal conclusion, which the Court "is not bound to accept as true."  See Iqbal, 556 U.S. at 678; see also, e.g. Cost Mgmt. Servs, Inc, v. Washington Natural Gas. Co., 99 F.3d 937, 950–51 (9th Cir. 1996) (noting, whereas "market share standing alone does not automatically equate to monopoly power," complaint was sufficient to withstand motion to dismiss where plaintiff alleged defendant had ninety percent share of relevant market, was able to charge off-tariff prices, and, by such pricing, had excluded competition from market).

Accordingly, SSI's counterclaim for monopolization will be dismissed with leave to amend to plead sufficient "factual allegations . . . to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

**3. Causal Antitrust Injury**

"Only those who meet the requirements for antitrust standing may pursue a claim under the Clayton Act; and to acquire antitrust standing, a plaintiff must adequately allege and eventually prove antitrust injury."  Glen Holly Entm't, Inc. v. Tektronix Inc., 343 F.3d 1000, 1007, opinion amended on denial of reh'g, 352 F.3d 367 (9th Cir. 2003) (internal quotations omitted) (emphasis in original).  Antitrust injury consists of four elements: "(1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent."  Id. at 1008.  Additionally, the Ninth Circuit "impose[s] a fifth requirement, that the injured

1   party be a participant in the same market as the alleged malefactors."  Id. at 1008 (internal

2   quotation omitted).  Kirby Morgan argues that SSI has not inadequately pleaded the

3   elements of antitrust injury.  The Court agrees.

4          As to the first element, SSI, as discussed above, has failed to plead conduct

5   unlawful under the antitrust statutes.  Consequently, SSI's allegations as to the second

6   through fourth elements likewise fail, as each of those elements is dependant upon the

7   existence of the first.

8          As to the Ninth Circuit's fifth requirement, Kirby Morgan argues SSI has "admitted

9   that it is not in the same markets as Kirby Morgan," and, consequently, that the two

10   contested counterclaims are subject to dismissal without leave to amend on the basis of

11   futility.[8]  (See Reply at 11–12.)  The Court agrees that SSI has not adequately pleaded the

12   fifth requirement, but disagrees that leave to amend should be denied on grounds of futility.

13   Although a party alleging antitrust injury ordinarily must be a consumer or competitor in the

14   same market, see Glen Holly Entm't, 343 F.3d at 1008, the Ninth Circuit has held that "a

15   potential new entrant into the market [who] allegedly has been foreclosed from entering the

16   market because of [defendants'] anticompetitive [conduct]" has standing to pursue an

17   antitrust claim.  Solinger v. A&M Records, Inc., 586 F.2d 1304, 1311 (9th Cir. 1978).  Here,

18   SSI has alleged it is a "market entrant into the United States market for surface gas

19   controllers and analyzers" and a "potential entrant into the United States market for

20   commercial diving helmets."  (FAA/FACC, Countercls. ¶ 4.)  Nevertheless, without further

21   factual elaboration, such assertions are no more than legal conclusions.  See Iqbal, 556

22

---

23          [8] In support thereof, Kirby Morgan has filed with its reply brief selected pages from a
24   deposition given by SSI principal Jason Van der Schyff, in which Van der Schyff testified
     there are "no overlapping products" with respect to what SSI and Kirby Morgan sell.  (See
25   Sandelands Decl. Ex. 1 at 28:9–12.)  SSI has filed an objection thereto on the ground the
     testimony is taken out of context, and offers additional excerpts wherein Van der Schyff, in
26   support of his description of SSI as a market entrant, discusses SSI's prototype equipment
     and attendance at trade shows.  (See Alioto Decl. Ex. A at 158:23–24, 162:12–17.)  Citing
27   Civil Local Rule 7-3(d), Kirby Morgan moves to strike the objection and accompanying
     evidence as untimely.  Although Kirby Morgan is correct that SSI's objection was filed two
28   days late, the Court finds it preferable to consider the proffered testimony in context and,
     accordingly, the motion to strike is hereby DENIED.

U.S. at 678 (holding courts are "not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted). Moreover, SSI has not at any point alleged that it has been foreclosed from entering the market.

Accordingly, as SSI has failed to plead the elements of causal antitrust injury, its counterclaims for attempted monopolization and monopolization will be dismissed for such additional reason, with leave to amend to cure the described deficiencies.

**4. Noerr-Pennington Bar**

Lastly, Kirby Morgan argues that SSI's second and third counterclaims should be dismissed without leave to amend because they are barred by the Noerr-Pennington doctrine. The Noerr-Pennington doctrine provides immunity from antitrust liability to those who "use the channels and procedures of state and federal agencies and courts to advocate their causes and points of view respecting resolution of their business and economic interests vis-a-vis their competitors." California Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 511 (1972). No such immunity is afforded, however, where such use is "a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor." Id. at 511.

To adequately plead that an antitrust defendant has engaged in "sham" litigation, and thus avoid the Noerr-Pennington bar, an antitrust plaintiff, as discussed above, must make one of two factual showings. In particular, where the alleged anticompetitive behavior consists of "bringing a single sham lawsuit (or a small number of such suits)," the antitrust plaintiff must demonstrate that the lawsuit was "objectively baseless, and . . . a concealed attempt to interfere with the plaintiff's business relationships," Kottle, 146 F.3d at 1060; where the alleged behavior is the "filing of a series of lawsuits," the question is "whether they are brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival," id.

Here, SSI appears to rely on the second test, in that it alleges in both its second and third counterclaims that "Kirby Morgan has engaged in a pattern and practice of bringing a series of lawsuits pursuant to a policy of starting legal proceedings without regard to the

14

1  merits and for the purpose of injuring a market rival."  (FAA/FACC, Countercls. ¶¶ 37, 45.)

2  In support thereof, however, SSI, as noted, identifies only two such lawsuits: the present

3  action and Kirby Morgan's earlier action in the Central District.  (See id. ¶¶ 14–15.)

4  Consequently, to avoid the Noerr-Pennington bar, SSI must either plead facts that plausibly

5  show those two lawsuits to be both "objectively baseless" and "a concealed attempt to

6  interfere with [SSI's] business relationships," or identify more than "a small number of . . .

7  suits" and allege such additional facts as required to meet the second test.  See Kottle, 146

8  F.3d at 1060 (9th Cir. 1998).

9        Accordingly, SSI's second and third counterclaims will be dismissed for such

10  additional reason, again with leave to amend to cure the additional deficiency.

11                                        **CONCLUSION**

12        For the reasons stated above, Kirby Morgan's motion is hereby GRANTED, as

13  follows:

14        1.  SSI's first, twelfth, seventeenth, and twenty-first affirmative defenses are

15  STRICKEN without leave to amend.

16        2.  To the extent SSI's eighteenth affirmative defense alleges Kirby Morgan suffered

17  no damages, it is STRICKEN without leave to amend.

18        3.  SSI's remaining affirmative defenses are STRICKEN with leave to amend to

19  satisfy the requirements of Rule 8.

20        4.  SSI's second and third counterclaims are hereby DISMISSED with leave to

21  amend to cure the above-noted deficiencies.

22        5.  SSI's amended answer and counterclaims, if any, shall be filed no later than

23  October 24, 2013.

24        **IT IS SO ORDERED.**

25

26  Dated: October 3, 2013

27                                        MAXINE M. CHESNEY
                                          United States District Judge

28