1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   SURFACE SUPPLIED, INC.,              No. C-13-0575 MMC

12           Plaintiff,                   **ORDER GRANTING DEFENDANT'S
                                          MOTION TO DISMISS COUNTER-
13      v.                                DEFENDANT'S SECOND AND THIRD
                                          COUNTERCLAIMS AND TO STRIKE
14   KIRBY MORGAN DIVE SYSTEMS, INC.,     COUNTER-DEFENDANT'S
                                          AFFIRMATIVE DEFENSES**
15           Defendant.

16   AND RELATED COUNTERCLAIMS.
                                    /
17

18        Before the Court is defendant/counterclaimant Kirby Morgan Dive System, Inc.'s

19   ("Kirby Morgan") "Motion to Dismiss Counter-Defendant's Second and Third Counterclaims

20   . . . and Motion to Strike Counter-Defendant's Affirmative Defenses," filed August 16, 2013.

21   Plaintiff/counter-defendant Surface Supplied, Inc. ("SSI") has filed opposition, to which

22   Kirby Morgan has replied.  Having read and considered the papers filed in support of and in

23   opposition to the motion, the Court rules as follows.[1]

24                              **BACKGROUND**

25        Kirby Morgan is a California corporation that manufactures and markets "surface-

26   supplied commercial diving helmets and related diving equipment."  (See SSI First

27   Amended Answer and Affirmative Defenses and First Amended Counterclaim

28   _____

          [1] By order filed September 17, 2013, the Court took the motion under submission.

United States District Court

For the Northern District of California

1   ("FAA/FACC"), Countercls. ¶ 5.)  It holds a number of registered trademarks.  (See

2   Request for Judicial Notice in Support of Motion to Dismiss ("RJN") Exs. 11–15 (notices

3   from United States Patent and Trademark Office regarding five trademarks).)[2]  SSI, also a

4   California corporation, is "a market entrant into the United States market for surface gas

5   controllers and analyzers" and "a potential entrant into the United States market for

6   commercial diving helmets[.]"  (See id. ¶ 4.)

7           On January 22, 2013, Kirby Morgan dispatched to SSI a letter demanding that SSI

8   immediately cease and desist from using three images, including SSI's logo, on the ground

9   that the images infringe Kirby Morgan's trademarks.  (See id. ¶ 12.)  On February 8, 2013,

10  SSI filed a complaint for declaratory relief, which it amended on March 1, 2013.  In its

11  amended complaint, SSI sought declarations that its use of the images do not infringe Kirby

12  Morgan's trademarks and that said trademarks are unenforceable on the ground of

13  trademark misuse.  (See First Amended Compl. ("FAC"), Prayer ¶¶ 1–3.)  In its answer to

14  the FAC, filed July 12, 2013, Kirby Morgan responded by asserting, a series of

15  counterclaims for, inter alia, trademark infringement.  (See Ans. ¶¶ 27–32.)

16          SSI thereafter filed the pleading here at issue, in which it asserts the following

17  twenty-one affirmative defenses to Kirby Morgan's counterclaims: (1) "Failure to State a

18  Claim"; (2) Statute of Limitations"; (3) "Estoppel"; (4) "Unclean Hands"; (5) "Laches"; (6)

19  Acquiescence"; (7) "Fraud"; (8) "Abandonment"; (9) "Source Misrepresentation"; (10)

20  "Descriptive Fair Use"; (11) "Nominative Fair Use"; (12) "Freedom of Speech"; (13)

21  "Monopolization and Attempt to Monopolize"; (14) "Violation of Antitrust Laws"; (15)

22  "Functionality"; (16) "Genericness"; (17) "Descriptiveness"; (18) "No Damages"; (19) "No

23  Commerce"; (20) "Exhaustion of Remedies"; and (21) "Reservation of Defenses."  It also

24  asserts three counterclaims on its own behalf: "Cancellation of Trademark Registration";

25  "Attempt to Monopolize"; and "Monopolization."  The latter two counterclaims both allege

26  that Kirby Morgan "engaged in . . . anticompetitive conduct" by "bringing a series of lawsuits

27

28          [2] Kirby Morgan's request for judicial notice is unopposed.  (See Opp'n at 19–20.)

1    pursuant to a policy of starting legal proceedings without regard to the merits and for the

2    purpose of injuring a market rival."  (FAA/FACC, Countercls. ¶¶ 37, 39, 45, 46.)  By the

3    instant motion, Kirby Morgan asks the Court to strike all twenty-one affirmative defenses,

4    some without leave to amend, and to dismiss SSI's second and third counterclaims.

5                              **LEGAL STANDARD**

6            Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based

7    on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

8    cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

9    1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim

10   showing that the pleader is entitled to relief.'"  See Bell Atl. Corp. v. Twombly, 550 U.S.

11   544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by

12   a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.

13   Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief

14   requires more than labels and conclusions, and a formulaic recitation of the elements of a

15   cause of action will not do."  See id. (internal quotation, citation, and alteration omitted).

16           In analyzing a motion to dismiss, a district court must accept as true all material

17   allegations in the complaint, and construe them in the light most favorable to the

18   nonmoving party.  See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To

19   survive a motion to dismiss, a complaint must contain sufficient factual material, accepted

20   as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S.

21   662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must be enough

22   to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555.  Courts

23   "are not bound to accept as true a legal conclusion couched as a factual allegation."  See

24   Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

25           Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any

26   material beyond the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

27   F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Documents whose contents are alleged in the

28   complaint, and whose authenticity no party questions, but which are not physically attached

                                              3

1  to the pleading, however, may be considered.  See Branch v. Tunnell, 14 F.3d 449, 454

2  (9th Cir. 1994).  In addition, a district court may consider any document "the authenticity of

3  which is not contested, and upon which the plaintiff's complaint necessarily relies,"

4  regardless of whether the document is referenced in the complaint.  See Parrino v. FHP,

5  Inc., 146 F.3d 699, 706 (9th Cir. 1998).  Finally, the Court may consider matters that are

6  subject to judicial notice.  See Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th

7  Cir. 1986).

8                                    **DISCUSSION**

9  **A. Affirmative Defenses**

10        The Court first turns to SSI's affirmative defenses, which Kirby Morgan argues SSI

11  has inadequately pleaded.  As Kirby Morgan points out, the answer includes no factual

12  allegations in support of any of the twenty-one "affirmative defenses," but, rather, consists

13  entirely of legal conclusions.  See Barnes v. AT&T Pension Benefit Plan-Nonbargained

14  Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (holding "defense is insufficiently

15  pled if it fails to give the plaintiff fair notice of the nature of the defense"); see also Ashcroft

16  v. Iqbal, 556 U.S. 662, 678 (2009) (holding, in context of challenge to adequacy of

17  complaint, "legal conclusions," to comply with Rule 8, "must be supported by factual

18  allegations").  In its opposition, SSI "concede[s] that its affirmative defenses need to be

19  amended to conform to the requirements of Iqbal-Twombly" (Opp'n at 23) and requests

20  leave to amend.  Kirby Morgan argues that SSI should be denied leave to amend its first,

21  fifth, twelfth, thirteenth, seventeenth, eighteenth, and twenty-first affirmative defenses

22  because amendment would be futile.

23        **1. First, Eighteenth, and Twenty-First Affirmative Defenses**

24        As Kirby Morgan correctly points out, several of SSI's affirmative defenses are not,

25  in fact, affirmative in nature.  "A defense which demonstrates that plaintiff has not met its

26  burden of proof is not an affirmative defense."  Zivkovic v. Southern California Edison Co.,

27  302 F.3d 1080, 1088 (9th Cir. 2002); see Barnes, 718 F. Supp. 2d at 1173–74 (striking

28  "affirmative defenses" that "simply provide[d] a basis to negate an element of [plaintiff's]

4

1   prima facie case for relief"; noting such "affirmative defenses" are "merely rebuttal against

2   the evidence presented by the plaintiff").

3        SSI's first affirmative defense alleges Kirby Morgan's counterclaims "fail to state a

4   claim upon which relief may be granted."  (See FAA/FACC, Affirm. Defs. ¶ 1).  "Failure to

5   state a claim is not a proper affirmative defense, but, rather, asserts a defect in [the] prima

6   facie case."  Barnes, 718 F. Supp. 2d at 1174.  Accordingly, SSI's first affirmative defense

7   will be stricken without leave to amend.

8        SSI's eighteenth affirmative defense alleges Kirby Morgan "has suffered no

9   damages and/or has failed to mitigate its damages, if any."  (See FAA/FACC, Affirm. Defs.

10  ¶ 18).  "[A]n assertion that the plaintiff suffered no damages is not an affirmative defense,

11  because it is essentially an allegation that the plaintiff cannot prove the elements of its

12  claims."  JPMorgan Chase Bank, N.A. v. Parkside Lending, LLC, 2013 U.S. Dist. LEXIS

13  16981 at *4 (N.D. Cal. Feb. 7, 2013).  Accordingly, to the extent that SSI's eighteenth

14  affirmative defense alleges that Kirby Morgan "suffered no damages," it will be stricken

15  without leave to amend.[3]

16        In its twenty-first affirmative defense, SSI attempts to "reserve[] the right to assert

17  . . . additional defenses in the event that further discovery, investigation or analysis indicate

18  they are proper."  (FAA/FACC, Affirm. Defs. ¶ 21.)  "An attempt to reserve affirmative

19  defenses for a future date is not a proper affirmative defense in itself.  Instead, if at some

20  later date defendants seek to add affirmative defenses, they must comply with Rule 15 of

21  the Federal Rules of Civil Procedure."  Solis v. Zenith Capital, LLC, 2009 WL 1324051 at *7

22  (N.D. Cal. May 8, 2009) (internal citation omitted).  Accordingly, SSI's twenty-first

23  affirmative defense will be stricken without leave to amend.

24

25     **2. Fifth Affirmative Defense**

26

27        [3] While Kirby Morgan argues that the entirety of the eighteenth affirmative defense
28   should be stricken, it only argues that "the 'no damages' portion" of such defense "should
    be stricken without leave to amend."  (See Mot. at 23–24.)

1    Kirby Morgan argues that SSI's "laches" affirmative defense should be stricken "as a

2  matter of law" because the statutes of limitations for Kirby Morgan's claims have not run.

3  (See Mot. at 18.)  Although "[l]aches, an equitable defense, is distinct from the statute of

4  limitations, a creature of law," Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829,

5  835 (9th Cir. 2002), "[i]f a [Lanham Act] claim is filed within the analogous state limitations

6  period,[4] the strong presumption is that laches is inapplicable," id. at 837.  Here, however,

7  SSI has pleaded no facts to show the nature of its laches defense and, consequently, the

8  Court is unable to determine whether the presumption, in this instance, could or could not

9  be rebutted.  Accordingly, SSI's fifth affirmative defense will be stricken with leave to

10  amend.

11    **3. Twelfth Affirmative Defense**

12    Kirby Morgan argues that SSI's "Freedom of Speech" affirmative defense, which is

13  asserted in addition to SSI's two "fair use" defenses, should be stricken without leave to

14  amend because speech that tends to mislead and confuse consumers is not protected

15  speech under the First Amendment.  (See Mot. at 21.) "Limited to [their] core

16  purpose–avoiding confusion in the marketplace–a trademark owner's property rights play

17  well with the First Amendment." Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 900 (9th

18  Cir. 2002).  Nevertheless, "[t]rademark rights do not entitle the owner to quash an

19  unauthorized use of the mark by another who is communicating ideas or expressing points

20  of view." Id.  In other words, "the trademark owner does not have the right to control public

21  discourse whenever the public imbues his mark with a meaning beyond its

22  source-identifying function." .  In this case, although SSI has pleaded no facts suggesting

23  its usage of Kirby Morgan's marks has anything more than a "source-identifying function,"

24  there likewise are no facts suggesting it is unable to do so.  Accordingly, SSI's twelfth

25  affirmative defense will be stricken with leave to amend.

26

27  _____

28    [4] Because the Lanham Act contains no statute of limitations, the Ninth Circuit "'borrow[s]' the limitations period from the most closely analogous action under state law." Jarrow Formulas, 304 F.3d at 836.

1

### 4. Thirteenth Affirmative Defense

2       Kirby Morgan argues that SSI's "Monopolization and Attempt to Monopolize"

3 affirmative defense is duplicative of its fourth affirmative defense, "Unclean Hands." (See

4 Mot. at 21.)  As Kirby Morgan itself notes, however, SSI, in support of the latter, "fails to

5 identify any allegedly 'unclean' conduct by Kirby Morgan." (Id. at 18.)  Absent such

6 allegations, the Court cannot determine if SSI's thirteenth defense is, in fact, duplicative of

7 its fourth.  Accordingly, SSI's thirteenth affirmative defense will be stricken with leave to

8 amend.

9

### 5. Seventeenth Affirmative Defense

10       Kirby Morgan argues that "Descriptiveness" is not available to SSI as an affirmative

11 defense because Kirby Morgan's marks have achieved incontestable status. (See RJN

12 Exs. 11–15 (Notices of Acceptance and Acknowledgment, by United States Patent and

13 Trademark Office, confirming that the "combined declaration of use and incontestability

14 filed in connection with the registration . . . meets the requirements of Sections 8 and 15 of

15 the Trademark Act, 15 U.S.C. § 1058 and 1065").)

16       Under the Lanham Act:

17     To the extent that the right to use the registered mark has become
incontestable under section 1065 . . . , the registration shall be conclusive

18     evidence of the validity of the registered mark and of the registration of the
mark, of the registrant's ownership of the mark, and of the registrant's right to

19     use the registered mark in commerce.

20 15 U.S.C. § 1115(b).  Although § 1115(b) lists nine "defenses or defects" to which such

21 registration "shall be subject," see 15 U.S.C. § 1115(b)(1)–(9), the list does not include

22 "descriptiveness," see id., and the Supreme Court has held that an infringement action

23 brought by the holder of an incontestable mark "may not be defended on the grounds that

24 the mark is merely descriptive," Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189,

25 205 (1985).  Accordingly, SSI's seventeenth affirmative defense will be stricken without

26 leave to amend.

27

28

### 6. Remaining Defenses

7

1    Ordinarily, leave to amend a pleading should be afforded unless amendment would

2    be futile.  See Steckman v. Hart Brewing, Inc., 143 F. 3d 1293, 1298 (9th Cir. 1998) (citing

3    "general rule" that leave to amend following dismissal of pleading should be afforded unless

4    "any amendment would be an exercise in futility").  Here, Kirby Morgan has made no

5    argument that amendment of SSI's remaining affirmative defenses would be futile, nor, on

6    the record before it, can the Court so find.  Accordingly, the Court will afford SSI an

7    opportunity to amend those defenses to allege sufficient facts in support thereof.

8    **B. Counterclaims**

9        The Court next addresses the second and third counterclaims, "Attempt to

10   Monopolize" and "Monopolization," both brought under § 2 of the Sherman Act, 15 U.S.C.

11   § 2, and § 4 of the Clayton Act, 15 U.S.C. § 15.[5]  Kirby Morgan argues each is insufficiently

12   pleaded and, further, is barred by the Noerr-Pennington doctrine.  Kirby Morgan seeks an

13   order of dismissal without leave to amend, both on substantive, specifically futility, and

14   procedural grounds.[6]

15       **1. Attempt to Monopolize**

16       "[T]o state a claim for attempted monopolization, the plaintiff must allege facts that, if

17   true, will prove: (1) that the defendant has engaged in predatory or anticompetitive conduct

18   with (2) a specific intent to monopolize and (3) a dangerous probability of achieving

19   monopoly power."  Coalition for ICANN Transparency, Inc. v. VeriSign, Inc., 611 F.3d 495,

20   506 (9th Cir. 2010) (internal quotation omitted).  Kirby Morgan argues that SSI has

21   inadequately pleaded each element of its cause of action for attempted monopolization.

22   The Court agrees.

23

24   _____

25       [5] Section 2 of the Sherman Act provides that "[e]very person who shall monopolize
     any part of the trade or commerce . . . shall be deemed guilty of a felony."  15 U.S.C. § 2.
26   Section § 4 of the Clayton Act provides a private right of action and treble damages to "any
     person who shall be injured in his business or property by reason of anything forbidden in
27   the antitrust laws," including violation of the Sherman Act.  15 U.S.C. § 15(a).

28       [6] The Court finds Kirby Morgan's citation to procedural deficiencies unpersuasive
     and addresses the question of futility below.

1    As to the first element, predatory or anticompetitive conduct, SSI alleges that "Kirby

2    Morgan has engaged in a pattern or practice of bringing a series of lawsuits pursuant to a

3    policy of starting legal proceedings without regard to the merits and for the purpose of

4    injuring a market rival" and that "Kirby Morgan has been successful in intimidating small

5    rivals and discouraging them from entering" the relevant markets.  (FAA/FACC, Countercls.

6    ¶ 37.)  As discussed below, "sham litigation may constitute anticompetitive conduct."  See

7    Girafa.com, Inc. v. Alexa Internet, Inc., 2008 WL 4500858 at *2 (N.D. Cal. Oct. 6, 2008)

8    (borrowing sham litigation test from Noerr-Pennington doctrine to determine whether

9    litigation constituted anticompetitive behavior under § 2 of Sherman Act).

10    "Sham litigation is litigation that is 'objectively baseless in the sense that no

11    reasonable litigant could realistically expect success on the merits,' and that is subjectively

12    intended to harm a competitor's business."  see id. (quoting Prof'l Real Estate Investors,

13    Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60–61 (1993)).  If "the alleged

14    anticompetitive behavior consists of bringing a single sham lawsuit (or a small number of

15    such suits), the antitrust plaintiff must demonstrate that the lawsuit was (1) objectively

16    baseless, and (2) a concealed attempt to interfere with the plaintiff's business

17    relationships."  Kottle v. Nw. Kidney Centers, 146 F.3d 1056, 1060 (9th Cir. 1998) (citing

18    Prof'l Real Estate Investors, 508 U.S. at 60-61).  If, on the other hand, "the alleged

19    anticompetitive behavior is the filing of a series of lawsuits," the question becomes "not

20    whether any one of them has merit–some may turn out to, just as a matter of chance–but

21    whether they are brought pursuant to a policy of starting legal proceedings without regard

22    to the merits and for the purpose of injuring a market rival."  See Kottle, 146 F.3d at 1060

23    (internal quotation and citation omitted).

24    Here, SSI has alleged that "Kirby Morgan has engaged in a pattern and practice of

25    bringing a series of lawsuits pursuant to a policy of starting legal proceedings without

26    regard to the merits and for the purpose of injuring a market rival."  (See FAA/FACC,

27

28

9

1    Countercls. ¶ 37, 45.)  SSI identifies, however, only two lawsuits[7] (see FAA/FACC,

2    Countercls. ¶¶ 14–15), and its allegation that other, "small rivals" have been "intimidat[ed]"

3    and "discourag[ed]" from entering the market, if meant to substantiate its pleading of such a

4    "series," is no more than conclusory (see FAA/FACC, Countercls. ¶¶ 37, 45).  If SSI intends

5    to allege a "series of lawsuits," it has failed to plead sufficient factual allegations showing

6    the existence of such a series.   If, on the other hand, SSI intends to rest its claim of

7    anticompetitive behavior on the two lawsuits it expressly references, it has failed to plead

8    any facts showing those lawsuits to be "objectively baseless."  See Kottle, 146 F.3d at

9    1060.  In sum, SSI fails to adequately plead the first element of a claim for attempt to

10   monopolize.

11        With respect to the second element, specific intent to monopolize, SSI alleges that

12   "Kirby Morgan acts with the specific intent to destroy competition" and "to accomplish

13   monopolization of the Surface Gas Controllers and Analyzers Relevant Market."

14   (FAA/FACC, Countercls. ¶¶ 38-39.)  Although specific intent may be inferred from

15   anticompetitive conduct, see Hallmark Indus. v. Reynolds Metals Co., 489 F.2d 8, 12 (9th

16   Cir. 1973) (noting that "[o]rdinarily specific intent is difficult to prove and will be inferred from

17   such anticompetitive conduct"), where, as here, the anticompetitive conduct has not been

18   adequately alleged, an inference of specific intent is not warranted, see Rutman Wine Co.

19   v. E. & J. Gallo Winery, 829 F.2d 729, 735 (9th Cir.1987) (finding allegations of specific

20   intent "conclusory in the absence of anticompetitive conduct").  Consequently SSI fails to

21   adequately plead the second element of its claim.

22        In pleading the third element, dangerous probability of achieving monopoly power,

23   SSI alleges only that Kirby Morgan has "market power in the highly concentrated United

24   _____

25        [7] Prior to filing its counterclaims in the above-titled action, Kirby Morgan filed in the
     Central District of California a complaint alleging four of the same claims.  (See FAA/FACC,
26   Countercls. ¶ 14.)  On July 17, 2013, after this Court denied Kirby Morgan's motion to
     dismiss the instant action in light of the Central District action, or, in the alternative, to
27   transfer the present action to the Central District, Kirby Morgan voluntarily dismissed the
     Central District action.  (See id.)  SSI alleges, in conclusory fashion, that the above-titled
28   action and the Central District action were filed "without regard to the merits and for the
     purpose of injuring a market rival."  (See ¶¶ 14–15.)

States market for surface gas controllers and analyzers" and that "there was a dangerous probability that [Kirby Morgan] might succeed in monopolizing" that market.  (FAA/FACC, Countercls. ¶¶ 36, 40.)  Such allegations are, in essence, nothing more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action," and, as such, "will not do."  See Twombly, 550 U.S. at 555; Rick-Mik Enterprises, 532 F.3d 963, 972 (9th Cir. 2008) (finding, where gasoline franchises constituted relevant product market, allegation that defendant "rank[ed] number one in the industry in branded gasoline stations" insufficient to allege market power, absent further factual allegations, such as "percentage of [defendant's] gasoline franchises . . . as compared to other franchises" in same market, "percentage of gasoline retail sales . . . made through non-franchise outlets," and "relative difficulty of a franchisee to switch franchise brands"); see also Korea Kumho Petrochemical v. Flexsys Am. LP, 2008 WL 686834 at *9 (N.D. Cal. Mar. 11, 2008) (finding "dangerous probability" inadequately pleaded where plaintiff failed to "assert . . . facts in support of its assertions of market power that suggest[ed] those assertions [were] plausible") (emphasis in original).  SSI thus fails to adequately plead the third element.

Accordingly, SSI's counterclaim for attempted monopolization will be dismissed with leave to amend to plead sufficient "factual allegations . . . to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

**2. Monopolization**

"[A] claim for monopolization of trade has two elements: the possession of monopoly power in the relevant market and . . . the acquisition or perpetuation of this power by illegitimate predatory practices."  Coalition for ICANN Transparency, 611 F.3d at 506 (internal quotation and citations omitted; alteration in original).  Kirby Morgan argues that SSI has inadequately pleaded each element of its second cause of action.  The Court again agrees.

SSI alleges that "Kirby Morgan has monopoly power in the United States market for surface supplied commercial diving helmets"; has "engaged in a pattern and practice of bringing a series of lawsuits pursuant to a policy of starting legal proceedings without

1   regard to the merits and for the purpose of injuring a market rival"; has "been successful in

2   intimidating small rivals and discouraging them from entering" the relevant market"; and has

3   "acted with the specific intent to acquire and maintain its monopoly power in the

4   Commercial Diving Helmet Relevant Market . . . and otherwise monopolize this relevant

5   market."  (FAA/FACC, Countercls. ¶¶ 44-47.)

6          As discussed above, SSI's allegations as to predatory conduct are insufficient to

7   "'state a claim to relief that is plausible on its face.'"  See Iqbal, 556 U.S. at 678 (quoting

8   Twombly, 550 U.S. at 570).  Moreover, its bare assertion that "Kirby Morgan has monopoly

9   power" in the relevant market, absent supporting factual allegations, is, in essence, a legal

10  conclusion, which the Court "is not bound to accept as true."  See Iqbal, 556 U.S. at 678;

11  see also, e.g. Cost Mgmt. Servs, Inc, v. Washington Natural Gas Co., 99 F.3d 937,

12  950–51 (9th Cir. 1996) (noting, whereas "market share standing alone does not

13  automatically equate to monopoly power," complaint was sufficient to withstand motion to

14  dismiss where plaintiff alleged defendant had ninety percent share of relevant market, was

15  able to charge off-tariff prices, and, by such pricing, had excluded competition from

16  market).

17         Accordingly, SSI's counterclaim for monopolization will be dismissed with leave to

18  amend to plead sufficient "factual allegations . . . to raise a right to relief above the

19  speculative level."  Twombly, 550 U.S. at 555.

20         **3. Causal Antitrust Injury**

21         "Only those who meet the requirements for antitrust standing may pursue a claim

22  under the Clayton Act; and to acquire antitrust standing, a plaintiff must adequately allege

23  and eventually prove antitrust injury."  Glen Holly Entm't, Inc. v. Tektronix Inc., 343 F.3d

24  1000, 1007, opinion amended on denial of reh'g, 352 F.3d 367 (9th Cir. 2003) (internal

25  quotations omitted) (emphasis in original).  Antitrust injury consists of four elements: "(1)

26  unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from that which makes

27  the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent."

28  Id. at 1008.  Additionally, the Ninth Circuit "impose[s] a fifth requirement, that the injured

1    party be a participant in the same market as the alleged malefactors." Id. at 1008 (internal

2    quotation omitted).  Kirby Morgan argues that SSI has not inadequately pleaded the

3    elements of antitrust injury.  The Court agrees.

4            As to the first element, SSI, as discussed above, has failed to plead conduct

5    unlawful under the antitrust statutes.  Consequently, SSI's allegations as to the second

6    through fourth elements likewise fail, as each of those elements is dependant upon the

7    existence of the first.

8            As to the Ninth Circuit's fifth requirement, Kirby Morgan argues SSI has "admitted

9    that it is not in the same markets as Kirby Morgan," and, consequently, that the two

10   contested counterclaims are subject to dismissal without leave to amend on the basis of

11   futility.[8]  (See Reply at 11–12.)  The Court agrees that SSI has not adequately pleaded the

12   fifth requirement, but disagrees that leave to amend should be denied on grounds of futility.

13   Although a party alleging antitrust injury ordinarily must be a consumer or competitor in the

14   same market, see Glen Holly Entm't, 343 F.3d at 1008, the Ninth Circuit has held that "a

15   potential new entrant into the market [who] allegedly has been foreclosed from entering the

16   market because of [defendants'] anticompetitive [conduct]" has standing to pursue an

17   antitrust claim.  Solinger v. A&M Records, Inc., 586 F.2d 1304, 1311 (9th Cir. 1978).  Here,

18   SSI has alleged it is a "market entrant into the United States market for surface gas

19   controllers and analyzers" and a "potential entrant into the United States market for

20   commercial diving helmets."  (FAA/FACC, Countercls. ¶ 4.)  Nevertheless, without further

21   factual elaboration, such assertions are no more than legal conclusions.  See Iqbal, 556

22

---

23          [8] In support thereof, Kirby Morgan has filed with its reply brief selected pages from a
     deposition given by SSI principal Jason Van der Schyff, in which Van der Schyff testified
24   there are "no overlapping products" with respect to what SSI and Kirby Morgan sell.  (See
     Sandelands Decl. Ex. 1 at 28:9–12.)  SSI has filed an objection thereto on the ground the
25   testimony is taken out of context, and offers additional excerpts wherein Van der Schyff, in
     support of his description of SSI as a market entrant, discusses SSI's prototype equipment
26   and attendance at trade shows.  (See Alioto Decl. Ex. A at 158:23–24, 162:12–17.)  Citing
     Civil Local Rule 7-3(d), Kirby Morgan moves to strike the objection and accompanying
27   evidence as untimely.  Although Kirby Morgan is correct that SSI's objection was filed two
     days late, the Court finds it preferable to consider the proffered testimony in context and,
28   accordingly, the motion to strike is hereby DENIED.

U.S. at 678 (holding courts are "not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted).  Moreover, SSI has not at any point alleged that it has been foreclosed from entering the market.

Accordingly, as SSI has failed to plead the elements of causal antitrust injury, its counterclaims for attempted monopolization and monopolization will be dismissed for such additional reason, with leave to amend to cure the described deficiencies.

**4. Noerr-Pennington Bar**

Lastly, Kirby Morgan argues that SSI's second and third counterclaims should be dismissed without leave to amend because they are barred by the Noerr-Pennington doctrine.  The Noerr-Pennington doctrine provides immunity from antitrust liability to those who "use the channels and procedures of state and federal agencies and courts to advocate their causes and points of view respecting resolution of their business and economic interests vis-a-vis their competitors."  California Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 511 (1972).  No such immunity is afforded, however, where such use is "a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor."  Id. at 511.

To adequately plead that an antitrust defendant has engaged in "sham" litigation, and thus avoid the Noerr-Pennington bar, an antitrust plaintiff, as discussed above, must make one of two factual showings.  In particular, where the alleged anticompetitive behavior consists of "bringing a single sham lawsuit (or a small number of such suits)," the antitrust plaintiff must demonstrate that the lawsuit was "objectively baseless, and . . . a concealed attempt to interfere with the plaintiff's business relationships," Kottle, 146 F.3d at 1060; where the alleged behavior is the "filing of a series of lawsuits," the question is "whether they are brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival," id.

Here, SSI appears to rely on the second test, in that it alleges in both its second and third counterclaims that "Kirby Morgan has engaged in a pattern and practice of bringing a series of lawsuits pursuant to a policy of starting legal proceedings without regard to the

14

merits and for the purpose of injuring a market rival." (FAA/FACC, Countercls. ¶¶ 37, 45.)
In support thereof, however, SSI, as noted, identifies only two such lawsuits: the present
action and Kirby Morgan's earlier action in the Central District. (See id. ¶¶ 14–15.)
Consequently, to avoid the Noerr-Pennington bar, SSI must either plead facts that plausibly
show those two lawsuits to be both "objectively baseless" and "a concealed attempt to
interfere with [SSI's] business relationships," or identify more than "a small number of . . .
suits" and allege such additional facts as required to meet the second test. See Kottle, 146
F.3d at 1060 (9th Cir. 1998).

Accordingly, SSI's second and third counterclaims will be dismissed for such
additional reason, again with leave to amend to cure the additional deficiency.

**CONCLUSION**

For the reasons stated above, Kirby Morgan's motion is hereby GRANTED, as
follows:

1. SSI's first, twelfth, seventeenth, and twenty-first affirmative defenses are
STRICKEN without leave to amend.

2. To the extent SSI's eighteenth affirmative defense alleges Kirby Morgan suffered
no damages, it is STRICKEN without leave to amend.

3. SSI's remaining affirmative defenses are STRICKEN with leave to amend to
satisfy the requirements of Rule 8.

4. SSI's second and third counterclaims are hereby DISMISSED with leave to
amend to cure the above-noted deficiencies.

5. SSI's amended answer and counterclaims, if any, shall be filed no later than
October 24, 2013.

**IT IS SO ORDERED.**

Dated: October 3, 2013

MAXINE M. CHESNEY
United States District Judge