IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURFACE SUPPLIED, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KIRBY MORGAN DIVE SYSTEMS, INC.,<br><br>　　　　Defendant.　　　　　　　　　／ | No. C 13-0575 MMC<br><br>**ORDER GRANTING KIRBY MORGAN DIVE SYSTEMS, INC.'S MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIMS** |

　　　　Before the Court is defendant and counterclaimant Kirby Morgan Dive Systems, Inc.'s ("Kirby Morgan") Motion to Amend Scheduling Order and for Leave to File First Amended Counterclaims, filed September 27, 2013 pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure.  Plaintiff Surface Supplied, Inc. ("SSI") has filed opposition, to which Kirby Morgan has replied.  Having considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.[1]

**DISCUSSION**

　　　　By the instant motion, Kirby Morgan seeks leave to amend its counterclaims (1) to add a false advertising claim, and (2) to add Heliox Technologies, Inc. ("Heliox") and its Chief Executive Officer Jason Van der Schyff ("Van der Schyff") as defendants to its existing claims for trademark infringement, false designation of origin, dilution of a famous mark, and state law trademark infringement/unfair competition, as well as to its proposed

---

[1] By order dated October 30, 2013, the Court took the matter under submission.

claim for false advertising.  Additionally, Kirby Morgan seeks leave to amend the Court's Pretrial Preparation Order, filed July 16, 2013, to allow for amendment of the pleadings after the August 16, 2013 deadline set therein.

**I.      Rule 16**

When a pretrial scheduling order sets a deadline for amending pleadings, that date "may be modified only for good cause."  See Fed. R. Civ. P. 16(b)(4); see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (holding, where deadline for pleadings has expired, district court properly addresses proposed amendment under Rule 16 ).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  See id. (internal quotation and citation omitted).

Here, Kirby Morgan argues, and SSI does not dispute, that the requisite diligence has been shown.  In particular, Kirby Morgan states it was first made aware of the grounds for such amendment during an August 26, 2013 deposition of Van der Schyff, in which Kirby Morgan discovered that SSI markets products made by Heliox, that Van der Schyff is the Director of Product Marketing for Heliox and created SSI's allegedly trademark-infringing logo, and that various of SSI's press releases contained false information.  The Court finds Kirby Morgan has made a sufficient showing of diligence, and thus good cause to modify the Court's scheduling order has been shown.

**II.     Rule 15**

Once good cause under Rule 16 has been shown, the Court's analysis looks to Rule 15.  See Fed. R. Civ. P. 15(a) (providing leave to amend should be "freely give[n] . . . when justice so requires").  In determining whether leave to amend is appropriate under Rule 15, courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (listing factors in absence of which amendment under Rule 15(a) should be "freely given").  Here, in opposing the motion, SSI argues only that Kirby Morgan's proposed amendments would be

futile. The Court next turns to the question of futility.

**A.   Proposed Addition of Defendants to Existing Counterclaims**

SSI argues that Kirby Morgan's proposed addition of Heliox and Van der Schyff to its existing counterclaims would be futile because (1) Kirby Morgan fails to make a "threshold showing of similarity"; and (2) Kirby Morgan's marks are functional. The Court addresses each such argument in turn.

First, with respect to trademark infringement, the "critical determination" is whether the alleged infringer's "use of a mark creates a likelihood that the consuming public will be confused as to who makes what product." Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 632 (9th Cir. 2007) (internal quotation and citation omitted). To determine if a likelihood of confusion exists, courts look to the eight factors set forth in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979): (1) "strength of the mark"; (2) "proximity of the goods"; (3) "similarity of the marks"; (4) "evidence of actual confusion"; (5) "marketing channels used"; (6) "type of goods and the degree of care likely to be exercised by the purchaser"; (7) "defendant's intent in selecting the mark"; and (8) "likelihood of expansion of the product lines." See id. at 348–49.

SSI, citing Brookfield Communications, Inc. v. West Coast Entertainment, 174 F.3d 1036 (9th Cir. 1999), argues any prima facie case of trademark infringement requires a "threshold showing" as to the third factor and, because, according to SSI, the requisite degree of similarity does not exist in this instance, Kirby's Morgan's proposed addition of parties would be futile. (See Opp'n 5:17–20); see also Brookfield, 174 F.3d at 1054 (stating "[w]here the two marks are entirely dissimilar, there is no likelihood of confusion"; providing as example "Pepsi" and "Coke"). As the Ninth Circuit observed in Jada Toys, however, the language in Brookfield on which SSI relies "constitutes dicta," and the Ninth Circuit "ha[s] never countenanced a likelihood of confusion determination based on a consideration of dissimilarity alone or, indeed, on the consideration of any single factor." See Jada Toys, 518 F.3d at 632–33; see also id. at 633–34 (noting judge's "subjective impressions" as to similarity or dissimilarity should not be "weighed at the expense of other evidence," thereby

"undermin[ing]" the "multi-factor approach"). Consequently, even assuming, arguendo, a dissimilarity between the accused images and Kirby Morgan's marks, SSI has failed to show Kirby Morgan can come forward with no set of facts supporting a valid trademark infringement claim. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (holding proposed amendment is futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim").

SSI's argument fares no better with regard to Kirby Morgan's dilution claim. As with infringement, courts look to a number of factors with respect to the question of liability, including: (1) "[t]he degree of similarity between the mark or trade name and the famous mark"; (2) "[t]he degree of inherent or acquired distinctiveness of the famous mark"; (3) "[t]he extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark"; (4) "[t]he degree of recognition of the famous mark"; (5) "[w]hether the user of the mark or trade name intended to create an association with the famous mark"; and (6) "[a]ny actual association between the mark or trade name and the famous mark." See 15 U.S.C. § 1125(c)(2)(B). As the Ninth Circuit has noted, Congress's adoption of a "non-exhaustive list" of relevant factors "strongly suggests that it did not want 'degree of similarity' to be the necessarily controlling factor." See Levi-Strauss & Co. v. Abercrombie & Fitch Trading Co., 633 F.3d 1158, 1171 (9th Cir. 2011).

SSI next argues "the functionality of Kirby Morgan's marks renders them unenforceable." (See Opp'n 17:23–24.) In assessing functionality, courts again consider a number of factors: "(1) whether the design yields a utilitarian advantage; (2) whether alternative designs are available; (3) whether advertising touts the utilitarian advantages of the design; and (4) whether the particular design results from a comparatively simple or inexpensive method of manufacture." See Disc Golf Ass'n v. Champion Discs, Inc., 158 F.3d 1002, 1006 (9th Cir. 1998). Consequently, "functionality is generally viewed as an intensely factual issue." Tie Tech, Inc. v. Kinedyne Corp., 296 F.3d 778, 783 (9th Cir. 2002). Moreover, where, as here, the allegedly infringed mark is registered, the mark "is given the prima facie or presumptive advantage on the issue of validity, thus shifting the

4

burden of production to the defendant . . . to provide evidence of functionality." See id.

In that regard, although SSI contends numerous features of Kirby Morgan's marks "are essential to the use or purpose of the helmets depicted" (see Opp'n 17:26) and submits various exhibits in support of such contention, a pleading can be deemed futile only if "no set of facts [constituting a valid claim] can be proved under the amendment," see Rykoff-Sexton, Inc., 845 F.2d at 214, and SSI has not demonstrated Kirby Morgan can offer "no set of facts" showing its marks are valid, see id. at 211, 214 (finding "abuse of discretion" where trial court denied motion to amend based on evidence submitted by opposing party; holding "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)");[2] see also Axis Imex, Inc. v. Sunset Bay Rattan, Inc., 2009 WL 55178 at *3 (N.D. Cal. Jan. 7, 2009) (finding "facts going to . . . functionality analysis [could not] be resolved at the motion to dismiss stage"; holding resolution of issue would need to "await summary judgment or trial"); Autodesk, Inc. v. Dassault Systemes SolidWorks Corp., 2008 WL 6742224 (N.D. Cal. Dec. 18, 2008) (noting "[g]enericness and functionality are questions of fact, making dismissal under Rule 12(b)(6) inappropriate").

Accordingly, SSI has failed to show the proposed amendment to add Heliox and Van der Schyff to Kirby Morgan's existing claims is futile.

### B.   Proposed Addition of False Advertising Claim

SSI argues the proposed addition of a false advertising claim to SSI's counterclaims would be futile because, to date, SSI has not sold any products, and, consequently, there

---

[2] Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider material beyond the complaint and documents either attached thereto or relied upon therein. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); Parrino v. FHP,Inc., 146 F.3d 699, 706 (9th Cir. 1998). The Court may consider, however, matters that are subject to judicial notice, see Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), such as "matters of public record," see Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).
As to certain of SSI's proffered exhibits, SSI has filed a Request for Judicial Notice, which is unopposed and is hereby GRANTED. As to SSI's remaining exhibits (see Declaration of John I. Alioto Exs. 501–540), Kirby Morgan's objection is hereby SUSTAINED. Even if the Court were to consider SSI's additional exhibits, however, the Court's ruling with respect to functionality would remain unchanged.

can be no "actual consumer confusion"; SSI further argues Kirby Morgan has not alleged "any lost sales" as a result of the alleged false advertising. (See Opp'n 20:14–15; 20:21–23.) A prima facie case of false advertising requires a showing that "(1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product." See Newcal Indus., Inc. v. Ikon Office Solution, 513 F.3d 1038, 1052 (9th Cir. 2008) (internal quotation and citation omitted).

As set forth above, and contrary to SSI's argument, a "tendency to deceive" and a likelihood of injury "by a lessening of goodwill" are sufficient to state a claim. See id. Here, Kirby Morgan's proposed amendment contains sufficient facts to plead each such element. (See Decl. of David B. Sandelands Ex. A ¶¶ 42–51, 91–92.)

Accordingly, SSI has failed to show the proposed amendment to add a claim for false advertising is futile.

## CONCLUSION

Kirby Morgan's motion for leave to file its first amended counterclaims is hereby GRANTED. Kirby Morgan shall file the amended counterclaims within 10 days of the date of this order.

**IT IS SO ORDERED.**

Dated: December 5, 2013

MAXINE M. CHESNEY
United States District Judge